WILL JOHNSON V. THE STATE.

No. 16764.   Delivered May 30, 1934.

The opinion states the case.

*Jno. M. Hatter,* of Waxahachie, for appellant.

*Lloyd W. Davidson,* States' Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for violation of the traffic law as denounced in Article 801 P. C., 1925; penalty assessed at a fine of $25.00.

The information, omitting the formal parts, reads as follows: "That Will Johnson on or about the 22 day of September, A. D., 1933, and before the making and filing of this Information in the County of Ellis, State of Texas, was in charge of, and was operating a motor vehicle upon a public highway, and did turn and change the course of such vehicle and did not have and give sufficient space for such movement to be made in safety, and the movement of another vehicle, to-wit, an automobile driven by Charley Taylor, was affected by such turning and change of direction and course, and said Will Johnson did not give visible and audible signal to Charley Taylor of his intention to turn and change the direction and course of his automobile,—against the peace and dignity of the State."

Section (K) of article 801, P. C., reads as follows: "The person in charge of any vehicle upon any public highway before turning, stopping or changing the course of such vehicle shall see first that there is sufficient space for such movement to be made in safety, and if the movement or operation of other vehicles may reasonably be affected by such turning, stopping or changing of course, shall give plainly visible or audible signal to the person operating, driving or in charge of such vehicle of his intentions so to turn, stop or change said course."

The appellant questions the sufficiency of the information in that it is indefinite, uncertain, and does not apprise him of the nature of the accusation against him. It will be observed from the information that it is not charged that the appellant failed to see, first, that there was not sufficient space for such movement to be made in safety and in the movement or operation of other vehicles which may reasonably be affected by such turning, stopping or changing of course; second, the allegation that he did not have and give sufficient space for such movement to be made in safety is but a mere conclusion of the pleader in that it does not affirmatively charge facts which would indicate that there was not sufficient space for such movement to be made in safety; third, that the allegation that it was a public highway is but a conclusion of the pleader and no facts stated which would constitute it a public highway.

The adequacy of the statute upon which this prosecution is based has been considered in several cases, notably, Russell v. State, 88 Texas Crim. Rep., 512; Snider v. State, 89 Texas Crim. Rep., 192. The statute is found in the Revised Criminal Statutes of 1925, art. 801, P. C. See also 1933 Supplement, P. C., p. 35. The reasoning of the court upon the subject will be found in the Russel case, supra; also in Harr v. State, 98 Texas Crim. Rep., 1.

Some of the provisions of the section of the statute quoted have been upheld. See Scott v. State, 90 Texas Crim. Rep., 100; Parroccini v. State, 90 Texas Crim. Rep., 320; Ex parte Slaughter, 92 Texas Crim. Rep., 213.

For the reasons stated, the judgment is reversed and the prosecution ordered dismissed.

*Judgment reversed and prosecution ordered dismissed.*