RICHARD McCUIN v. THE STATE.

No. 17791. Delivered November 27, 1935.

The opinion states the case.

*H. B. Green,* of Athens, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was tried and convicted of the offense of murder, and his punishment was assessed at confinement in the State penitentiary for a term of two years.

Appellant's first contention is that the court erred in declining to peremptorily instruct the jury to return a verdict of not guilty, because the evidence was insufficient to warrant a conviction. A careful review of the testimony adduced by the State leads us to a different conclusion. The testimony shows that late in the afternoon the deceased in company with Claudie Johnson and Eddie McCuin was going down the road when they observed the appellant coming up the road carrying a single barrel shot gun. When they met, the deceased said to appellant, "Let me see your old gun," to which appellant replied, "I will let you see it across your head if you fool with me." At this remark deceased laughed, advanced toward appellant and again asked to see the gun, and when within four or five steps of appellant, he, deceased, reached for it. Appellant retreated and said, "Get back, get back," cocked the gun and fired striking deceased in the body inflicting a mortal wound. Deceased then said, "Rich, I never thought that you would have done that," to which appellant replied, "I did not, the gun went off." Appellant said he would not have shot the deceased for anything, whereupon the deceased requested the appellant to summon a doctor, which he did. Appellant's expression, "I will let you see it across your head if you fool with me," would indicate that he was not in the best of humor and did not manifest a spirit of friendliness. It is true that after the boy was mortally wounded he, appellant, expressed his

regret of the occurrence. It is obvious from the testimony that, whether or not the killing was accidental or intentional, was a fact issue to be determined by the jury, and they determined it adversely to appellant's contention. We think that the testimony is sufficient to support the verdict.

Bill of exception No. 2, shows that no objection was made to the court's charge until after the verdict was returned and the jury was discharged. Obviously, under Article 660, C. C. P., this was too late.

Bill of exception No. 3, shows that appellant objected to a statement alleged to have been made by the deceased just preceding the killing to the effect that deceased wanted to see appellant; that he was on his way to see him, because appellant wanted to jump on him the night before. The court sustained the objection, but failed to withdraw the answer already made from the jury; however, appellant made no request to have it withdrawn. We do not believe that the court's failure to withdraw the objectionable testimony after having sustained appellant's objection to same was of such prejudicial nature as to require a reversal of this case. In view of the fact that the minimum punishment was imposed, and finding no reversible error in the record the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.