ESTELLE SMITH V. THE STATE.

No. 18324. Delivered March 25, 1936.

The opinion states the case.

*Stinson, Hair, Brooks & Duke,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is driving an automobile on a public road while intoxicated; the punishment, a fine of $100.

The proof on the part of the State was to the effect that, while intoxicated, appellant drove her automobile on North 8th Street in the City of Abilene. Appellant's witnesses admitted that she was intoxicated, but declared that one Bill Summers was driving the car.

Omitting the formal averments, the count of the indictment under which appellant was convicted reads as follows:

"Estelle Smith * * * in the County of Taylor and State of Texas, did then and there unlawfully drive an automobile on a public road, i.e., Noth 8th Street, Abilene, Texas, while she, the said Estelle Smith, was then and there under the influence of intoxicating liquor."

Appellant excepted to the indictment on the ground that it failed to allege that Abilene was an incorporated city, and on the further ground that North 8th Street is not a public road within the meaning of Art. 802, P. C. There was a further exception to the effect that, in employing the term "Noth", the indictment failed to name any street in the City of Abilene. The opinion is expressed that the exceptions were not well taken. This court has expressly held that a street within a city is a public road within the meaning of the statute. Blackman v. State, 20 S. W. (2d) 783. In Blackman's case the indictment charged that the offense was committed while Blackman was driving a motor vehicle upon a public highway situated in Randall County, Texas. The proof on the part of the State was to the effect that the car was driven upon various streets of Amarillo, an incorporated city. It was also shown that certain of the streets of Amarillo upon which the car was driven were in Randall County, Texas. This court held that the proof sustained the allegations of the indictment. Giving effect to such holding, we are constrained to hold that the allegation that the car was operated on a public road obviated the necessity of alleging that Abilene was an incorporated city.

We are unable to agree with appellant's contention that the use of the word "Noth" instead of "North" invalidates the indictment. We think the indictment sufficient to have apprised appellant that she was charged with driving the car on North 8th Street.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.