TOLIVER TOWLES V. THE STATE.

No. 19298.  Delivered January 12, 1938.

The opinion states the case.

*Northcutt & Jordan,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is robbery; the punishment, confinement in the penitentiary for five years.

The evidence is sufficient to support the conviction.

The indictment charged appellant and Alvin Ash with having committed the offense. It is appellant's contention that the indictment avers that Alvin Ash had the intent to appropriate the property of J. B. Igo, the alleged injured party, to the joint use and benefit of the said Ash and the appellant, but fails to aver that appellant had such intent. On this point the indictment reads: "with the intent then and there on the part of them, the said defendant, to deprive the said J. B. Igo of the value of the same, and to appropriate the said property to the use and benefit of them, the said defendants." We are of opinion that appellant's contention should be overruled.

In defining "robbery" the court instructed the jury as follows: "Our statutes provide that if any person in this State shall, by assault or by violence or by putting in fear of life or bodily injury, fraudulently take from the person or possession of another, and against the will and without the consent of such person, any money or property, he shall be deemed guilty of the offense of robbery, and upon conviction therefor he shall be punished by imprisonment in the penitentiary for life or for any period of time not less than five years."

In applying the law to the facts the following instruction was given: "Bearing in mind the instructions hereinbefore and elsewhere given in this charge, if you find and believe from the evidence beyond a reasonable doubt that in the County of Potter and State of Texas, on or about the 31st day of March, A. D. 1937, the defendant, Toliver Towles, either alone or acting together, if he did, with Alvin Ash, as a principal, as that term is herein defined, did unlawfully make an assault in and upon one J. B. Igo and did then and there by said assault, if any, or by putting the said J. B. Igo in fear of life or bodily injury, without the consent of the said J. B. Igo, fraudulently take from the person and possession of the said J. B. Igo about $20.00 in lawful money of the United States of America, belonging to the said J. B. Igo, with the intent then and there to deprive the said J. B. Igo of the value of the same and to appropriate the same to the use and benefit of himself, the said Toliver Towles, singly, or to the joint use and benefit of himself and the said Alvin Ash, then if you so find and believe be-

yond a reasonable doubt you will find the defendant, Toliver Towles, guilty of robbery as charged in the indictment, and will so say in your verdict; and in such case you will assess his punishment at confinement in the penitentiary for life or for any term of years not less than five, as you in your discretion may determine; but if you do not so find and believe from the evidence beyond a reasonable doubt you will acquit him and say by your verdict not guilty."

Appellant did not except to the charge of the court, but, in his motion for new trial, called attention to the fact that in defining robbery one of its elements was omitted, namely, the intent to appropriate the property to the use of the offender. It has been observed that the element mentioned was set forth in that portion of the charge applying the law to the facts. Under the circumstances, reversible error is not presented. At all events, appellant's complaint in the motion for new trial can avail him nothing. If he desired to criticize the charge it was incumbent upon him, before said charge was read to the jury, to present his objections thereto in writing, distinctly specifying each ground of objection. Art. 658, C. C. P.; McCuin v. State, 87 S. W. (2d) 1101.

The judgment properly recites that appellant has been convicted of robbery, whereas it is stated in the sentence that the conviction is for burglary. The sentence is reformed in order that it may be shown that the conviction is for robbery.

As reformed, the judgment is affirmed.

*Reformed and affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.