# FEBRUARY 26, 1941

## C. E. EVANS V. THE STATE.

No. 21255. Delivered January 22, 1941.

Rehearing Denied February 19, 1941.

Application for Leave to File Second Motion for Rehearing
Denied February 26, 1941.

The opinion states the case.

*John R. Francis* and *William H. Scott,* both of Houston, (*King C. Haynie,* of Houston, of counsel on appeal only) for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is negligent homicide. The punishment assessed is a fine of $1,000.00.

The complaint and information contain two counts: One charging negligent homicide in the first degree, and the other charging negligent homicide in the second degree.

Upon his case being called for trial, appellant waived a jury and submitted all issues, both of law and fact, to the court, who found him guilty of negligent homicide without stating of what degree, and assessed his punishment at a fine as above stated.

Appellant, for the first time here, takes the position that since the information contains two counts and the judgment of conviction fails to specify upon which count he was adjudged guilty, therefore the judgment is void. Appellant's contention might be correct unless this court can, from the statement of facts, determine which of the two counts charging the act constituting the offense is sustained by the testimony. An examination of the statement of facts discloses that appellant, by his own testimony, together with that of other witnesses, supported the allegations of negligence charged in the first count, while the testimony is deemed insufficient to sustain the allegations of negligent homicide in the second degree.

There is no direct evidence that appellant violated the speed limit. The only testimony on the subject was that given by the witness Alexander, who testified as follows:

"I saw this (appellant's) car coming about 60 or 70 feet before it struck old man Hightower; I could not tell how fast the car was coming but it wasn't coming slow and the horn wasn't sounded, and the car didn't act like the brakes had been put on and it come right straight at old man Hightower and knocked him down just like I told you. * * * It didn't look to me like he done anything to avoid hitting this old man."

Appellant testified as follows:

"I was proceeding down Heiner Street and saw Hightower about 60 feet away. I continued driving straight on and the next time I looked up there was Hightower right in front of my car. I ran into him, knocked him down, stopped in a few feet, backed my car off of him, and there he was lying in the street. * * * I did not turn my car to avoid hitting Hightower because I saw him 60 feet away and didn't see him any more until I was right on him and I didn't have time to do anything. I do

not know why I didn't see him; there was nothing to obstruct my vision; I just didn't see him."

There is some evidence that appellant failed to sound the horn but no such direct allegation is contained in the information.

These were the only eye-witnesses to the unfortunate occurrence. The testimony quoted supports the allegations in the first count charging appellant with negligent homicide in the first degree. Consequently the court must have found him guilty of the offense supported by the evidence. If there had been sufficient evidence to have also supported a conviction under the second count charging negligent homicide in the second degree a more difficult question might have been presented.

Therefore, two questions present themselves for our consideration: First, whether or not this court is authorized by law to reform and correct the judgment; and second, whether or not the record is in such a condition that we may, from the recital therein, reform the judgment. We are of the opinion that both of the questions may be answered in the affirmative. Art. 847, C. C. P., expressly authorizes this court to reform and correct judgments, as the law and the nature of the case may require. See also 4 Tex. Jur. p. 603, sec. 423; Wooten v. State, 15 S. W. (2d) 635; Knott v. State, 247 S. W. 520; Swartz v. State, 18 S. W. 415; Waters v. State, 137 Texas Cr. R. 41; Thomas v. State, 31 Texas Cr. R. 82; Purcelly v. State, 29 Texas Cr. App. 1; Towles v. State, 133 Texas Cr. R. 470, (112 S. W. (2d) 458) ; Byrd v. State, 90 Texas Cr. R. 418, (235 S. W. 891) Southern v. State, 29 S. W. 780.

This case is readily distinguishable on the facts from that of Bowles v. State, (No. 21,257), decided by us on January 8, 1941, (140 Texas Crim. Rep., 511) because in the present case we have a statement of facts which furnishes the necessary data for the reformation and correction while in the Bowles case we had no statement of facts.

The judgment will therefore be reformed so as to adjudge appellant guilty of negligent homicide in the first degree with the punishment as assessed by the trial court.

As reformed, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

We think that the original opinion properly disposes of the case and sufficiently discusses the issues raised by the record.

The question is raised on motion for rehearing as to the sufficiency of the allegation that the appellant was driving on a public highway. It is presented that this allegation is a conclusion of the pleader and appellant cites as authority Johnson v. State, 73 S. W. (2d) 853. We are unable to reconcile the holding in the Johnson case with that of both previous and subsequent holdings of the court on this subject. (See Pence v. State, 9 S. W. (2d) 348; Blackman v. State, 20 S. W. (2d) 783; Wood v. State, 45 S. W. (2d) 599; Smith v. State, 92 S. W. (2d) 1046, and White v. State, 95 S. W. (2d) 429.) Clearly it is the holding in this line of authorities that the allegation is sufficient. Neither of them were discussed in the motion for rehearing and it appears that appellant's counsel was also unable to distinguish them. We think the holding in Johnson v. State as to this question was out of line with the authorities, and the same is accordingly overruled.

Appellant's motion for rehearing is overruled.

ON APPELLANT'S MOTION FOR LEAVE TO FILE

SECOND MOTION FOR REHEARING.

CHRISTIAN, Judge.

Appellant insists that we have heretofore failed to consider his contention that a conviction for negligent homicide cannot be sustained because of the fact a witness for the State testified that appellant was intoxicated when he arrested him at the scene of the accident. The testimony of appellant and his witnesses was to the effect that appellant was not under the influence of intoxicating liquor. In short, an issue was raised and the testimony warranted the conclusion that appellant was not intoxicated. Appellant is correct in his contention that he would not be guilty of negligent homicide in the event the accident was due to his negligent operation of his automobile while he was under the influence of intoxicating liquor. We quote from Collins v. State, 94 S. W. (2d) 443, as follows:

"If the appellant at the time of the accident was driving her car upon a public highway while intoxicated, she was guilty of

a felony under article 802, P. C. 1925; and, if appellant as a direct result of her intoxicated condition drove her automobile into the car on which K. C. Thompson was working and killed him, she would be guilty of murder. Whether or not appellant was intoxicated, and whether or not her act in driving her car into the car on which deceased was working was the direct result of her drunken condition, were issues of fact to be determined by the jury under an appropriate instruction from the court. The court properly submitted said issues to the jury, who decided them adversely to appellant. We are of the opinion that the testimony is sufficient to sustain the jury's conclusion. See Burton v. State, 122 Texas Cr. R. 363, 55 S. W. (2d) 813; Norman v. State, 121 Texas Cr. R. 433, 52 S. W. (2d) 1051; Jones v. State (Texas Cr. App.) 75 S. W. (2d) 683.

"The appellant's act does not come within the statute on negligent homicide, for the reason that the act of driving an automobile while intoxicated is a felony and not a misdemeanor. See article 1240, P. C. 1925."

There was no averment of intoxication in the first count of the complaint and information, and the acts of negligence there charged are not shown by the averments to be related to intoxication. Appellant's own testimony made out a case of negligent homicide of the first degree. The trial was before the court without the intervention of a jury. The trial judge had evidence before him which would have supported the conclusion that appellant was not intoxicated and that the accident, as detailed by appellant in his testimony, was due to the negligent operation of the automobile. Under the circumstances, we are not impressed with the view that we should assume that the trial judge found appellant was intoxicated and that his intoxicated condition was the proximate cause of the homicide. If the testimony had disclosed without controversy that appellant was intoxicated and that such condition was the cause of the collision a different question would be presented. Stated in another way, the authorities appellant cites in support of his position, and from one of which we have heretofore quoted, might be given application.

While the question as to the authority of this court to amend the judgment was not discussed in the opinion on motion for rehearing, it was thoroughly dealt with in the original opinion and, we believe, properly disposed of.

We think the case of Simmons v. State, 3 S. W. (2d) 449, is authority against appellant's contention that Article 1231,

P. C., defining negligent homicide of the first degree, is invalid.

The application for leave to file second motion for rehearing is denied.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.