(No. 37286.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERT O. BLANKENSHIP, Plaintiff in Error.

*Opinion filed February 1, 1963.—Rehearing denied March 27, 1963.*

HENRY GENTILE, of Blue Island, and STEPHEN LEE, of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and ROBERT J. WAALER, State's Attorney, of Urbana, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Robert O. Blankenship was indicted in the circuit court of Champaign County for the crime of statutory rape. On May 18, 1961, he pleaded guilty and his immediate application for probation was granted over objection of the State's Attorney. On July 11 the trial court, over defendant's objection, set aside its order admitting him to probation and granted his motion to withdraw his plea of guilty. On September 25 defendant withdrew his plea of not guilty and again pleaded guilty. The court then sentenced him for a term of 1 to 5 years in the penitentiary. On October 25 the State's Attorney moved the court to correct the sentence because it was indeterminate. On November 9 the motion was granted and defendant was sentenced *in absentia* for a term of 2 years in the penitentiary. A writ of error has been issued to review the proceedings.

The People and the defendant both agree that the sentencing of defendant *in absentia* on November 9 was erroneous. (See *People* v. *Smith,* 6 Ill.2d 414.) It is also conceded that the indeterminate sentence pronounced on September 25 was erroneous. *People* v. *Motis,* 23 Ill.2d 549; Ill. Rev. Stat. 1959, chap. 38, par. 801.

Defendant argues that the trial court had no power to set aside the probation order after 30 days without good cause and wise discretion. The court, of course, has the power to revoke probation. (Ill. Rev. Stat. 1959, chap. 38, par. 789.1.) Whether it had good cause or used wise discretion in doing so are matters which could have been raised by appeal to the Appellate Court. (Ill. Rev. Stat. 1961, chap. 38, par. 798; *People* v. *Kostaken,* 10 Ill.2d 549.) Defendant instead asked for leave to withdraw his plea of guilty and pleaded not guilty. The cause was then set for trial on October 7. On September 25 the defendant asked for leave to withdraw his plea of not guilty and again pleaded guilty. This plea was accepted by the court and defendant did not request probation. In these circumstances we believe he has waived any error committed by the court in setting aside the probation order.

Defendant also contends that the trial court erred in accepting his second plea of guilty because he did not understand the consequences of his plea. The record shows that the trial court fully and carefully admonished the defendant of the consequences of his plea, that an ordinary person in the circumstances of the accused would have understood the explanation and that he persisted in his plea of guilty.

The judgment of the circuit court of Champaign County is reversed and the cause remanded with directions to impose a proper sentence upon defendant.

*Reversed and remanded, with directions.*