(No. 35822.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CALVIN HARPER, Plaintiff in Error.

*Opinion filed May 27, 1963.*

JOHN W. CHAVERIAT, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and THOMAS A. HETT, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

Calvin Harper and John Davis were jointly indicted for burglary in the criminal court of Cook County. Davis was also named in a separate indictment charging unlawful possession of narcotics. The public defender was appointed to represent both defendants who subsequently entered

pleas of guilty. Harper was sentenced to a term of five to nine years imprisonment; Davis was sentenced to concurrent terms of five to nine years imprisonment on each charge.

Harper here contends he was deprived of a fair trial, and that the trial judge's explanation of the consequences of a plea of guilty was inadequate. As we understand the first contention, it is predicated upon the argument that, since Davis was charged with two offenses, and Harper only one, Harper's sentence should have been less than the sentences given Davis, or that the joint indictment should have been severed for purposes of disposition of the cases. It is sufficient answer to point out the absence from the record of any request by defendant Harper for a severance or any indication of prejudice to him. The sentence imposed is within the sound discretion of the trial judge as long as it is within the statutory range. *People* v. *Richeson*, 24 Ill.2d 182.

The abstract indicates that defendants were arraigned on November 18, 1959, counsel appointed and pleas of not guilty entered. On December 2, Harper and his counsel again appeared in court and counsel stated a jury trial was desired. The judge then asked defendants if they wanted a jury trial, and both answered "no". A recess followed, at the conclusion of which Harper's counsel said he had talked to his client, and that he wanted present counsel to continue to represent him. Harper agreed, and then proceeded to change his plea to guilty, signing a jury waiver and responding affirmatively when asked by the judge if he understood that he could be imprisoned for "one to life on the burglary" charge; Harper answered "yes sir" to the additional question as to whether he desired to persist in his plea.

While Harper now contends he was not adequately warned as to the consequences of his action, it is difficult for us to envision what additional protection could have

been given him. He insisted on pleading guilty after his lawyer had requested a jury trial, repeatedly affirmed his plea, and subsequently stated to the court that he had broken into the building and taken the items described in the indictment on the date therein alleged. The sentence was well within prescribed limits, and the action of the trial court proper. *People* v. *Kontopoulos,* 26 Ill.2d 388.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*