**People of the State of Illinois, Plaintiff-Appellee, v. Harry Boyd, Defendant-Appellant.**

Gen. No. 49,597.

First District, Second Division.

September 29, 1964.

Anderson, Luedeka, Fitch, Even & Tabin, of Chicago, for plaintiff in error.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Matthew J. Moran, Assistant State's Attorneys, of counsel), for defendant in error.

MR. JUSTICE FRIEND delivered the opinion of the court:

Defendant Harry Boyd appeals from two judgments of the Criminal Court of Cook County, one convicting him of burglary, the other of assault with intent to commit murder.

The conviction of burglary was based on an indictment in two counts: count 1 charged him, along with two codefendants, with forcibly breaking into and entering the warehouse of N–E–C Radio Corporation on October 31, 1961 with intent to steal personal property of the corporation and with stealing four hundred sixty radios, five cameras, and one box of radio parts; count 2 charged him, together with the same two co-

defendants and on the same date, with entering, without force, the doors and windows being open, the warehouse and offices of the same N–E–C Radio Corporation with intent to steal personal property of the corporation. Pursuant to trial without a jury the court found all three defendants guilty, and in its judgment order made the following finding: "And the Court being fully advised in the premises doth Find the said Defendant Harry Boyd, Guilty of Burglary in manner and form as charged in the indictment in this cause."

The facts with respect to this indictment are as follows. During the course of an investigation in the early morning hours of October 31, 1961, Officer Edward Wodnicki of the Chicago Police Department arrived at the rear of the building at 1420 South Michigan Avenue about 3:30 a. m. and noticed that a panel in an overhead garage door had been drilled out and replaced. He also found an unoccupied 1952 Ford parked in the alley. Directly across the alley from the garage door, and behind two garbage cans, he found an axe, a brace, and a bit. He thereupon called for assistance; Detectives Zanniello and Kelly came to his aid and set up floodlights directed at the drilled-out panel. About 4:45 a. m. Arthur Clark, one of the codefendants, kicked out the panel and emerged from inside the building with some small boxes, walked to the Ford car, placed the boxes in the automobile, and returned to the garage door. Clark made two more trips to the car with boxes, and then Johnson, the other codefendant, and Boyd, the appellant here, came through the hole in the overhead door. As all three started to walk toward the Ford the police officers turned on the floodlights and made the arrests. An N–E–C Radio Corporation letterhead was found on Boyd. At the trial Chris Marinic, executive secretary of N–E–C Radio Corporation, testified that its premises were broken into on October 31, 1961, and

that four-hundred-sixty radios, five cameras, and a box of spare parts were taken. By way of defense Boyd and his two companions testified that they were drinking gin in their automobile in the alley behind 1420 South Michigan Avenue and observed two other men in the alley; that Clark got out of the car momentarily and found boxes of transistor radios; and that while Clark, Johnson, and Boyd were carrying the boxes to the car the arrests were made. In other words they denied having taken the boxes from the premises of N-E-C Radio Corporation and denied emerging through the broken-out panel entrance of the garage door.

Boyd, alone appealing here, contends that evidence of his guilt was insufficient since it could be reasonably inferred from the evidence that defendants did not enter the premises of N-E-C Radio Corporation but merely attempted to steal transistor radios after the entry was made by two unknown men. This argument is predicated upon complete acceptance of the testimony of defendants and a total disregard of the testimony of Officer Wodnicki; it also disregards the fact that Boyd was searched upon his arrest and an N-E-C letterhead found on his person. Moreover the evidence is clear that Boyd was apprehended during the course of a burglary with stolen merchandise in his possession. Under these circumstances we think proof of guilt was clearly sufficient. In affirming the conviction of codefendant Clark the Supreme Court (People v. Clark, 30 Ill2d 216, 219, 220, 195 NE2d 631 (1964)) considered the credibility of the witnesses in this case and said:

"Where the cause is tried without a jury, it is the function of the trial court to determine the credibility of the witnesses and the weight to be afforded their testimony, and where the

evidence is merely conflicting a reviewing court will not substitute its judgment for that of the trier of fact. (People v. McCreary, 29 Ill2d 295; People v. Dillon, 24 Ill2d 122.) Here, there was credible evidence fully establishing defendant's guilt of the crime charged and, what is more, the trial court could properly consider the improbabilities in defendant's explanation of his presence at the scene of the offense, and of the manner of discovery of the stolen goods. (Cf. People v. Oswald, 26 Ill2d 567; People v. Spagnolia, 21 Ill2d 455.) Nor does the fact of the missing radios and cameras serve to create a reasonable doubt of guilt. The gist of the offense of burglary is the entering of a building with a felonious intent. (People v. Palmer, 26 Ill2d 464; People v. Maffioli, 406 Ill 315,) and the crime is complete whether or not anything is taken, (People v. Figgers, 23 Ill2d 516; People v. Dennis, 28 Ill2d 525,) or whether or not items taken in the burglary are recovered. (People v. Oswald, 26 Ill2d 567.) Accepting the testimony of officer Wodnicki as true, as the trial court did, it appears beyond a reasonable doubt that defendant broke and entered the building with a felonious intent."

■ Boyd contends that the trial judge improperly considered admissions of Johnson and Clark against Boyd. Johnson admitted to Officer Wodnicki that the burglary tools recovered near the scene of the offense were used to enter the Ethyl Corporation and the N–E–C Corporation. Specifically he stated that Boyd used the brace and bit to drill out the panel in the garage door. It is urged that this was hearsay evidence, without which the State's case against Boyd falls. This contention, raised for the first time on ap-

peal, comes too late. People v. Songer, 28 Ill2d 433, 192 NE2d 861 (1963); People v. Gates, 29 Ill2d 586, 195 NE2d 161 (1964).

Aside from this testimony, we think that other evidence of defendant's guilt was sufficient to prove his guilt beyond a reasonable doubt. Boyd and his companions, when arrested, gave the police fictitious addresses; as heretofore stated, Boyd was apprehended during the course of the burglary with stolen merchandise in his possession; a search of his person revealed an N-E-C Radio Corporation letterhead. The judgment as to the burglary is therefore affirmed.

■ As to the charge of assault with intent to commit murder, Boyd contends that he was led to believe that if he did not plead guilty to this charge a sentence on the charge would run consecutively with one previously imposed in the burglary case. There is nothing of record to support this contention. He also asserts that he was not properly admonished on his plea of guilty. The record of proceedings as to this contention is as follows:

> "MR. PRIDE: Your honor, at this time, after conferring with the defendant Boyd, I withdraw the plea of not guilty heretofore entered and enter a plea of guilty.
>
> "THE COURT: Boyd, you're charged, in this other indictment, with assault with intent to kill, to commit murder. Your counsel has indicated that you're desirous of withdrawing your plea of not guilty and entering a plea of guilty to that charge.
>
> "Do you wish to enter a plea of guilty to that charge?
>
> "THE DEFENDANT: Yes, sir, your honor.
>
> "THE COURT: You understand that you are entitled to a trial by jury, and by entering your

plea of guilty to that charge you are waiving your right to a trial by jury. You understand that.

"THE DEFENDANT: Yes, sir.

"THE COURT: I wish to further advise you that, on your plea of guilty to that charge, this court may sentence you to the Illinois State Penitentiary for any number of years from one to twenty years.

"Being so advised, do you still plead guilty to that charge of assault with intent to murder?

"THE DEFENDANT: Yes, sir.

"THE COURT: Enter the plea of guilty."

A similar admonition was held sufficient in People v. Kontopoulos, 26 Ill2d 388, 186 NE2d 312 (1962). It appears from the court admonition in the instant case that Boyd was advised of the charge against him, the maximum penalty, and his right to trial by jury. His plea was entered only after he had conferred with counsel of his own choosing. Under the circumstances we hold that no error was committed. People v. Blankenship, 27 Ill2d 195, 188 NE2d 724 (1963); People v. Harper, 28 Ill2d 28, 190 NE2d 811 (1963).

For the reasons indicated both judgments of conviction, the one on the charge of burglary, the other on the charge of assault with intent to commit murder, are affirmed.

Judgments affirmed.

BURKE, P. J. and BRYANT, J., concur.