People of the State of Illinois, Defendant in Error, v. Herbert Thomas, Plaintiff in Error.

Gen. No. 49,677.

First District, Fourth Division.

February 10, 1965.

Herbert Thomas, pro se, plaintiff in error.

Daniel P. Ward, State's Attorney, of Chicago (Elmer C. Kissane and John Gannon, Assistant State's Attorneys, of counsel), for defendant in error.

MR. PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

The defendant, Herbert Thomas, was convicted in the Criminal Division of the Circuit Court of Cook

County of the unlawful possession of narcotics. He was sentenced to the penitentiary for a term of three to six years. Acting as attorney pro se, he commenced a Writ of Error proceeding in the Supreme Court which transferred it to this court.

Thomas was indicted for the unlawful sale and possession of narcotics. He was arraigned and pleaded not guilty, and the court appointed two attorneys to represent him. The case was continued from time to time. The defendant dismissed his court-appointed attorneys, and an attorney of his own selection thereupon entered his appearance in the case. On May 21, 1962, the case was before Judge Richard A. Harewood for trial. After the case was called, the defendant's attorney asked for a ten-minute recess to discuss the case with Thomas. At that time Thomas' attorney said to the court, ". . . that we might be able to dispose of this case by continuing this discussion. . . ." After the discussion the following proceedings took place in open court: The State's Attorney asked the attorney for the defendant if he was ready to proceed. Defendant's attorney answered that he was and made the following statement: "Your honor, in the case of Herbert Thomas, indictment 62–885 and 62–886, I have had a consultation with my client, and he has advised me that he wishes to change his plea from that of not guilty and he would like to enter a plea of guilty . . ." but only as to the unlawful possession of heroin. The court then asked the defendant if he wished to change his plea and the defendant responded that he did. The court then made the following statement: "You understand that under your plea of not guilty you're entitled to a jury trial. However, under a plea of guilty it becomes the duty of the court to proceed to hear evidence in aggravation of the offense. That is, the court will proceed to hear facts and circumstances relating to the case in reference to your background and record,

287

if any, pursuant to anything which your counsel may offer in mitigation of the offense, for the purpose of fixing, in the discretion of the court, a minimum and maximum term. Now, with that explanation, you still want to withdraw your plea of not guilty and plead guilty, sir?" The defendant answered the court, "Yes sir." Defendant's attorney then addressed the court and stated: "Your honor, I have advised my client to the fact that he waives his jury right, in entering a plea of guilty, and I have also advised him of the possible consequences of his plea of guilty, but he has told me that he wishes to persist in his plea of guilty." The court asked the defendant if he was satisfied with his lawyer. The defendant said he was. The court said: "You're pleading guilty because in fact you are guilty of this offense?" The defendant answered, "Yes, sir."

Thereupon, the court permitted the plea of not guilty to be withdrawn and a plea of guilty to be entered. The court asked the defendant his age and was told that he was 33 years of age. At that time the Assistant State's Attorney said to the court: "Your honor, I also suggest that you inform the defendant that he would be subject to a sentence of a minimum of two and a maximum of ten years, on his plea of guilty to the charge of possession of narcotics." The court then so advised the defendant.

Certain stipulations were entered into between the Assistant State's Attorney and the attorney for the defendant with reference to the fact that the defendant was in possession of a container which was analyzed and found to contain heroin. The defendant then testified, in mitigation, that he was a drug addict. The Assistant State's Attorney told the court that the defendant in 1951 was sentenced to one to three years in the penitentiary on a plea of guilty of robbery; that in 1957 he was sentenced to the penitentiary for one to two years on a plea of guilty to grand larceny, and that in

1961 he was sentenced to one year in the House of Correction in a case involving narcotics. The court thereupon sentenced the defendant to a minimum of three and a maximum of six years on each indictment, on the charge of unlawful possession of narcotics, the sentences to run concurrently.

The defendant here argues that the court did not comply with the statute in admonishing him at the time he entered his plea of guilty. Supreme Court Rule 26 (formerly Supreme Court Rule 27A) provides that the court shall not permit a plea of guilty for a crime which, upon conviction, would involve imprisonment in the penitentiary unless the accused understandingly waives his right to trial by jury; and it further provides that a record shall be kept of the inquiries of the court and the answers of the accused, and that such transcript, when filed, shall become a part of the common law record in the case.

Chapter 38, § 732, Ill Rev Stats 1963, provides that when a party pleads guilty, the plea shall not be entered until the court shall have fully explained to the accused the consequences of entering such plea. The defendant, in his brief in this court, argues that after the court had stated the penalty which could be imposed upon him, it did not inform the defendant that he could change his plea of guilty back to that of not guilty and have a trial by jury, and he says that if he had been so advised, he would have withdrawn his plea of guilty.

In People v. Kontopoulos, 26 Ill2d 388, 186 NE2d 312, the defendant entered a plea of guilty to reckless homicide. On appeal, as in the instant case, his only ground for reversal was the alleged failure of the court to properly admonish him as to the consequences of his plea of guilty. Kontopoulos, as in the instant case, was represented by his own attorney, who at first entered a plea of not guilty. He later changed his plea

to that of guilty. At that time the court made the following statement: "The Court: Mr. James Kontopoulos, you understand that when you plead guilty to a charge of reckless homicide, the court may sentence you to a term in the penitentiary from 1 to 5 years. You understand that is the penalty provided by the Legislature?" The defendant answered that he did and, understanding that language, he still desired to plead guilty. The court then said: "All right, I take it you are pleading guilty in this cause because you are in fact guilty?" The defendant answered that that was right. The Supreme Court in that case said that that statement by the court was sufficient. Also see People v. Domico, 15 Ill2d 590, 155 NE2d 591.

In People v. Blankenship, 27 Ill2d 195, 188 NE2d 724, the defendant argued that at the time he entered a plea of guilty he did not fully understand the consequences of such a plea. The court, in upholding the conviction, stated that the defendant had been fully and carefully admonished of the consequences of his plea and that an ordinary person in the circumstances of the accused would have understood the explanation.

The defendant, in the instant case, in support of his contention, cites People v. Washington, 5 Ill2d 58, 124 NE2d 890; People v. Nierstheimer, 401 Ill 260, 81 NE2d 900; People v. Meyers, 397 Ill 286, 73 NE2d 288; People v. Wilke, 390 Ill 598, 62 NE2d 468; People v. Ross, 409 Ill 599, 100 NE2d 923; People v. Moore, 342 Ill 316, 174 NE2d 386; and People v. Carzoli, 340 Ill 587, 173 NE 141. In each of the cases cited there were circumstances which render them inapplicable to the case before us.

In People v. Wesley, 30 Ill2d 131, 195 NE2d 708, the question raised was as to whether the trial court had adequately informed defendant of his right to a jury trial. The defendant was tried before the court and convicted. The Supreme Court said:

"When defendant and his appointed counsel appeared, the court inquired whether there was to be a jury or a bench trial and after being given time to converse with a doctor present, counsel informed the court it would be a bench trial. When this occurred, the court asked defendant to step up and received affirmative answers to inquiries as to whether defendant understood that he had a right to a jury in each case, and as to whether defendant wanted the court to try the cases. *There is no specific or defined formula which the trier of fact is to follow, or from which to judge whether a waiver is understandingly made, and we believe of necessity that the determination must rest upon the facts of each particular case.*" (Emphasis supplied.)

The court further pointed out in that case that the waiver of a jury trial was in the presence of defendant's counsel and that it appeared from the record that the defendant was no stranger to criminal proceedings.

In the instant case, after the court had found the defendant guilty on his plea, and after evidence with reference to mitigation and aggravation had been introduced, the attorney selected by the defendant to try his case argued to the court that in his opinion there was hope for the defendant since he was only 33 and at the time that the offense occurred was a drug addict, and then further said, in the presence of his client: "He has indicated that he wishes to plead guilty to the charge because he was guilty and he knows that he has to accept his punishment because the things that he has done are wrong. . . ."

In the case before us, the defendant, after consultation with his counsel, entered a plea of guilty. The court thereupon advised him of the consequences of the plea but failed to include the amount of the sen-

291

tence which could be imposed by the court on such a plea. Immediately afterwards the court corrected the omission and stated the minimum and maximum penalties which might be imposed. The defendant in this court says he did not understand what the court meant. He was an adult previously convicted and sentenced, and from the pro se brief which he filed in this court it appears that he possessed intelligence of a fairly high degree. While the trial court is required under statute and rule of court to indicate to the defendant the consequences of his entering a plea of guilty, we have not yet reached the place in the trial of criminal cases where it is necessary to consider and treat every defendant in a criminal case, no matter what his experience has been, as having the comprehension of a dim-witted child. The reviewing court must view the record reasonably and realistically. The judgment of the Circuit Court is affirmed.

Affirmed.

ENGLISH and DRUCKER, JJ., concur.