Apolonio Ernesto VASQUEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 44275.

Court of Criminal Appeals of Texas.

Feb. 16, 1972.

Rehearing Denied April 5, 1972.

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., and James Moss, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., and Robert Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for possession of marihuana, second offense. Appellant plead guilty before the court on January 30, 1970, and his punishment was assessed by the court at ten years' confinement.

 Appellant contends in his first ground of error that the trial court erred by sentencing him in accordance with Article 725b, § 23(1), Vernon's Ann.P.C., as amended, without first making a determination that the prior offense alleged in the indictment for enhancement occurred after the effective date of the amendment which provided that the minimum punishment for a second conviction should be ten years' confinement. (Acts 1955, 54th Leg., p. 903, ch. 354, § 1.) (Re-enacted in 1969 as Article 725b, § 23(a) [Acts 1969, 61st Leg.,

p. 703, ch. 242, § 1]). He contends that if the prior offense occurred before the effective date of the 1955 amendment, then his sentence as a second offender would be invalid because the enhancement part of the statute would be an ex post facto law as applied to him and therefore unconstitutional as a violation of Art. I, § 10, U.S. Constitution and Art. I, § 16, Texas Constitution, Vernon's Ann.St.

■ It is well settled that a conviction which occurred prior to the enactment of a statute providing for increased punishment upon a subsequent conviction may be used for enhancement purposes under that statute, and that such usage is not unconstitutional as being an ex post facto application of the statute. Gryger v. Burke, 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948); Graham v. West Virginia, 224 U.S. 616, 32 S.Ct. 583, 56 L.Ed. 917 (1912); Oliver v. United States, 290 F.2d 255 (8th Cir. 1961) cert. denied, 368 U.S. 850, 82 S.Ct. 83, 7 L.Ed.2d 48 (1961); United States v. Sierra, 297 F.2d 531 (2nd Cir. 1961) cert. denied, 369 U.S. 853, 82 S.Ct. 939, 8 L.Ed.2d 11 (1961); Wey Him Fong v. United States, 287 F.2d 525 (9th Cir. 1961) cert. denied, 366 U.S. 971, 81 S.Ct. 1937, 6 L.Ed.2d 1261 (1961); Pettway v. United States, 216 F.2d 106 (6th Cir. 1954) cert. denied, 355 U.S. 918, 78 S.Ct. 348, 2 L.Ed.2d 277 (1958); Beland v. United States, 128 F.2d 795 (5th Cir. 1942) cert. denied, 317 U.S. 676, 63 S.Ct. 157, 87 L.Ed. 543 (1942); Gomez v. State, 126 Tex.Cr.R. 30, 280 S.W.2d 278 (1955). See also Salazar v. State, 423 S.W.2d 297 (Tex.Cr.App.1968).

In Hill v. State, 158 Tex.Cr.R. 313, 256 S.W.2d 93 (1953) (opinion by Morrison, J.), this Court held that an amendment to a statute which provided for increased penalties upon a second conviction did not increase the punishment for the offense and therefore it could not be an ex post facto law. However, in dictum the court suggested that if the statute had materially increased the punishment, then the utilization of a conviction which occurred before the amendment took effect, for enhancement purposes, would be an ex post facto application. In Gomez v. State, supra, the Court held expressly to the contrary. Judge Morrison, the author of the opinion in Hill v. State, in a concurring opinion in Gomez v. State, supra, at 282 agreed with the holding of the Court, citing numerous authorities from other jurisdictions in support thereof and concluded that the rule as announced by the Court in Gomez was the sounder rule.

Any suggestion to the contrary in Hill v. State, supra, is expressly overruled. The holding in Gomez v. State, 126 Tex.Cr.R. 30, 280 S.W.2d 278 (1955) is controlling and will be followed by this Court.

The reason that a conviction which occurred before the statute was enacted may be used for enhancement is that the statute providing for a greater penalty upon a subsequent conviction does not seek to punish the offender for the original criminal act a second time, but rather, "The repetition of criminal conduct aggravates . . . guilt and justifies heavier penalties . . . ." Graham v. West Virginia, 224 U.S. 616, 623, 32 S.Ct. 583, 585, 56 L.Ed. 917 (1912).

Since the prior conviction could have been used for enhancement purposes even if the offense had occurred prior to the 1955 amendment, the trial court did not err by not first making a determination that the prior offense occurred after 1955. Appellant's first ground of error is overruled.

■ Appellant contends in his second ground of error that the trial court failed to admonish him properly as to the consequences of his plea before accepting it.

The record reflects that the trial court erroneously told the appellant, before accepting the plea, that the punishment for possession of marihuana, second offense, "shall be a term of years in the Texas Department of Corrections for a period of not less than ten years." The appellant answered that he understood. The court then accepted the plea. Thereafter, the oral stipulations were read into the record.

Before all the stipulations were read, the court interrupted the reading and the following transpired:

"THE COURT: Let me make this correction in the record.

The punishment for the offense of which he is charged is life imprisonment or any term of years not less than ten, and let me ask the Defendant if you understand that and would your answers be the same to my questions that I asked you earlier?

"THE DEFENDANT: Yes, sir."

Appellant contends that this later correction of the erroneous admonishment was not sufficient to satisfy the requirements of Art. 26.13, Vernon's Ann.C.C.P.

■ The failure to admonish a defendant who enters a plea of guilty or nolo contendere as to the consequences of the plea is reversible error. Art. 26.13, V.A.C.C.P.; Loudd v. State, 474 S.W.2d 200, (Tex.Cr. App., delivered December 21, 1971); Ex parte Battenfield, 466 S.W.2d 569 (Tex.Cr. App.1971); Crawford v. State, 466 S.W.2d 319 (Tex.Cr.App.1971); Miller v. State, 424 S.W.2d 430 (Tex.Cr.App.1968); Williams v. State, 415 S.W.2d 917 (Tex.Cr. App.1967); Alexander v. State, 163 Tex. Cr.R. 53, 288 S.W.2d 779 (1956).

The case at bar, however, is not a case in which there was no admonishment. Instead, it is a case in which the trial court corrected an error which was made earlier. The appellant indicated that the correction would not cause him to change his earlier answers in regard to the voluntary nature etc., of his plea.

In the case of People v. Thomas, 55 Ill. App.2d 286, 204 N.E.2d 582 (1965) the trial court accepted the guilty plea but erroneously failed to inform the defendant before accepting the plea, of the possible sentence he might receive as required by Illinois law. The court, apparently realizing its error, then informed the defendant very shortly after accepting the plea, of the possible sentence. The Appellate Court of Illinois held that the defendant had been sufficiently informed of the consequences of his plea.

■ The purpose of the statute "is to insure that an accused does not plead guilty 'except with a full understanding of the charges against him and the possible consequences of his plea'." United States v. Smith, 440 F.2d 521, 525 (7th Cir. 1971) (decided under Fed.Rule Cr.Pro. 11, which is similar to Art. 26.13, V.A.C.C.P.) cf., Vavra v. State, 171 Tex.Cr.R. 24, 343 S.W.2d 709 (1961).

In the instant case, appellant answered that he would not "change his answers" after being informed of the correct punishment range. We fail to perceive any harm in the trial court's correction of its error. People v. Thomas, supra, cf. Vavra v. State, supra. Appellant's second ground of error is overruled.

Appellant contends, in his third ground of error, that the trial court erred "when it failed to examine defendant when it became apparent that he had not been informed of the power of the trial court to grant him a probation in this cause." Although the ground of error is not clear, by construing it with the accompanying arguments (as per Art. 40.09, § 9, V.A.C.C.P.) we conclude that appellant is contending that the trial court should have informed him of his right to apply for probation at the time of the admonishment.

■ The record reflects that the following transpired regarding probation between the court, appellant, and his counsel:

"THE COURT: Excuse me. Have you explained that he has a right to file an Application for Probation and has he waived that right?

"MR. STUFFLEBEME: He has waived that right, Your Honor. Yes.

* * * * * *

"THE DEFENDANT: I didn't catch the probation.

"THE COURT: Would you explain it?

"MR. STUFFLEBEME: We have a right to file for probation, when you're charged with a second. I have not been able to reach an agreement for probated sentence.

"THE COURT: The best thing to do would be to file it.

"MR. STUFFLEBEME: I will file an Application for Probation, Your Honor, before I leave the Court.

\*　\*　\*　\*　\*　\*

"MR. STUFFLEBEME: No further questions at this time, except I do ask leave of the Court to file an Application for Probation before I leave.

"THE COURT: The Court will assume the Application is of record as of right now."

Thus, it appears from the record that the trial court did inform appellant that he could apply for probation.[1] However, we need not decide whether appellant would have been eligible for probation, because, even if he were eligible, the trial court is not required to inform a defendant as a part of the admonishment of his right to make application for probation. Gonzales v. State, 456 S.W.2d 137 (Tex.Cr.App. 1970). Appellant's third ground of error is overruled.

■ Appellant also contends that the indictment is defective because it does not allege that the conviction alleged therein for enhancement purposes became final before the commission of the primary offense alleged in the indictment.

This contention is without merit. The indictment alleged that appellant was convicted in 1959 for possession of marihuana and that "said conviction was a final conviction" and that it was a conviction for an offense committed prior to the primary offense. The primary offense was alleged to have been committed in 1969. Clearly the allegation that the 1959 conviction was final is an allegation that it became final at that time. McDonald v. State, 379 S. W.2d 349 (Tex.Cr.App.1964); Martinez v. State, 163 Tex.Cr.R. 10, 288 S.W.2d 71 (1956).

■ Appellant also asserts that he was denied the effective assistance of counsel at his trial. This claim is not supported by the record. See Foster v. Beto, 412 F.2d 892 (5th Cir. 1969); Campbell v. United States, 401 F.2d 894 (5th Cir. 1968); Williams v. Beto, 354 F.2d 698 (5th Cir. 1965); Brooks v. State, 473 S.W.2d 30 (Tex.Cr.App., delivered November 23, 1971); Meeks v. State, 456 S.W.2d 938 (Tex.Cr.App.1970).

■ Appellant contends that the evidence is insufficient to support the plea of guilty. Assuming that the question is properly before us for review, this contention will be discussed.

This case was tried prior to the amendment to Art. 1.15, V.A.C.C.P. in 1971.[2] Under the decisions before the amendment it was held that oral stipulations were insufficient to support a conviction. See Drain v. State, 465 S.W.2d 939 (Tex.Cr. App.1971).

In this case there was an oral stipulation which covered the elements of the offense

---

1. The amendment to Art. 725b, § 23(a), which was in force at the time of offense would seem to indicate that he was not entitled to probation. See Acts 1961, 57th Leg., p. 315, ch. 167, § 23(1).

2. Art. 1.15 now provides:
 "　.　.　.　The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court.　.　.　." Acts 1971, 62nd Leg., Vol. 2, p. 3028, ch. 996, effective June 15, 1971.

and the facts concerning the prior convictions. The appellant then testified that he had heard the stipulations and that those facts were reasonably true and correct and that he was pleading guilty because he was guilty and for no other reason. Such testimony has been held to be a judicial confession and sufficient to support a conviction. Sprinkle v. State, 456 S.W.2d 387 (Tex. Cr.App.1970); Waage v. State, 456 S.W.2d 388 (Tex.Cr.App.1970); Ex parte Keener, 166 Tex.Cr.R. 326, 314 S.W.2d 93 (1958). The evidence is sufficient in the present case.

The state points out that the judgment and sentence in this case recite that appellant was indicted and found guilty of the offense of "Unlawful Possession of a Narcotic Drug, to-wit: Marihuana," and requests that the judgment and sentence be reformed to read "Unlawful Possession of a Narcotic Drug, to-wit: Marihuana, Second Offense," in those parts which now read "Unlawful Possession of a Narcotic Drug, to-wit: Marihuana."

 Appellant was indicted as a second offender. His written waiver indicated that he was charged as a second offender. The evidence, in the form of stipulations, revealed a prior conviction. The corrected admonishment indicated that appellant was tried as a second offender. Where, as in the present case, this Court has the necessary data and evidence before it for reformation, the judgment may be reformed on appeal. Golden v. State, 434 S.W.2d 870 (Tex.Cr.App.1968); Brim v. State, 379 S. W.2d 664 (Tex.Cr.App.1964); Ex parte Brown, 145 Tex.Cr.R. 39, 165 S.W.2d 718 (1942); Kuhn v. State, 142 Tex.Cr.R. 40, 151 S.W.2d 208 (1941); Evans v. State, 141 Tex.Cr.R. 241, 147 S.W.2d 794 (1941). See also Lowe v. State, 427 S.W.2d 867 (Tex.Cr.App.1968).

Likewise, this Court may also reform the sentence so as to conform with the judgment, e. g., Miller v. State, 427 S. W.2d 892 (Tex.Cr.App.1968); Fail v.

State, 362 S.W.2d 862 (Tex.Cr.App.1962); Ex parte Brown, supra.

Therefore, the judgment and sentence are reformed as requested.

The sentence also improperly applies the indeterminate sentence law (Art. 42.09, V. A.C.C.P.) in that it reads that appellant shall be confined "for not less than 2 nor more than 10 years." Art. 42.09, V.A.C.C. P., does not apply in this case because the minimum punishment under Art. 725b (23), V.A.P.C., is 10 years, which was the punishment received by appellant in the judgment. The sentence is therefore reformed to read "for 10 years." Abel v. State, 395 S.W.2d 641 (Tex.Cr.App.1965) cert. denied, 386 U.S. 928, 87 S.Ct. 871, 17 L.Ed.2d 800; Stevenson v. State, 395 S.W.2d 626 (Tex.Cr.App.1965); McClanahan v. State, 394 S.W.2d 499 (Tex.Cr.App.1965); Garza v. State, 368 S.W.2d 213 (Tex.Cr.App. 1963); Adami v. State, 397 S.W.2d 422 (Tex.Cr.App.1965); Clough v. State, 272 S.W.2d 739 (Tex.Cr.App.1954).

As reformed, the judgment is affirmed.