(No. 24789.—

EMIL J. JOHNSON *et al.* Appellees, *vs.* THE VILLAGE OF VILLA PARK *et al.* Appellants.

*Opinion filed December 15, 1938—Rehearing denied Feb. 8, 1939.*

MATTHEWS, KALETH & SHAPIRO, (THOMAS A. MATTHEWS, of counsel,) for appellant the Village of Villa Park; ERNEST W. CLARK, for other appellants and intervenors.

PAUL J. LEITZELL, and ROYAL J. SCHMIDT, for appellees.

Mr. CHIEF JUSTICE SHAW delivered the opinion of the court:

The appellees, Emil J. Johnson and Nora Johnson, filed a complaint for an injunction to restrain the village of Villa Park and its officers from enforcing certain provisions of a zoning ordinance which prohibited the appellees from operating an undertaking establishment on the premises in question. Virginia Hook and R. G. Tarr, owners of property immediately adjoining that of appellees, filed an intervening petition asking that the appellees be restrained from operating such undertaking establishment on the disputed property. The chancellor entered a decree finding the

ordinance unreasonable, arbitrary and void, and perpetually enjoined the village authorities from interfering with appellees in the use and maintenance of the property for an undertaking establishment. The case is before us on direct appeal, the trial court having certified that the validity of a municipal ordinance is involved and that the public interest requires a direct appeal to this court.

Villa Park is a village suburban to Chicago, having a population of between six and seven thousand inhabitants. In 1923, it adopted a comprehensive zoning ordinance which designated the area in which the disputed land is located for "Class B Residential" uses, only. In this area the property may be put to the following uses: Single family dwellings, libraries and public museums; churches and temples; schools and colleges; parks and recreation buildings operated by the village; farming, truck-gardening, and nurseries; hotels, private clubs; boarding and lodging houses; institutions of an educational, philanthropic, or eleemosynary nature; greenhouses, hospitals, and accessory use incident to the above.

On January 9, 1937, the appellees executed an offer to purchase the disputed property at the northwest corner of School street and Princeton avenue in Villa Park. The contract contained a clause providing that the offer was made subject to satisfactory zoning within a period of forty-five days from date, or the deposit of earnest money was to be refunded. The appellees twice petitioned the zoning board of appeals of the village for permission to establish and conduct a funeral home on the premises and both petitions were denied. Application was also made for a certificate of occupancy under the ordinance. This was refused by the village authorities on the ground that the zoning ordinance forbade the operation of an undertaking establishment at the particular location. On May 2, 1937, the appellees entered into possession of the property and continued to make payments under the contract.

The property in question is located at the northwest corner of a block bounded by Princeton avenue, School street, Ardmore avenue and Central boulevard. The areas facing on Ardmore avenue and Central boulevard are zoned for local business uses, including undertaking establishments. Approximately 127 feet of the land on Princeton avenue is likewise zoned for local business uses. This leaves 250 feet of frontage on Princeton avenue, including the appellees' premises, zoned for "Class B Residential" purposes. There are only three buildings in the entire block, the building at the corner of Ardmore avenue and Central boulevard being a business building with stores and apartments located therein.

Cities and villages have the right to adopt zoning ordinances as an exercise of their police power and thereby impose a reasonable restraint upon the use of private property. (*City of Aurora* v. *Burns,* 319 Ill. 84; *Reschke* v. *Village of Winnetka,* 363 id. 478.) Such restraint is not an arbitrary or a discretionary one but is always subject to review by the courts. (*Western Theological Seminary* v. *City of Evanston,* 325 Ill. 511, 522; *People* v. *Village of Oak Park,* 331 id. 406, 412; *People* v. *City of Rockford,* 363 id. 531, 535.) Ordinances enacted under the guise of an exercise of the police power must have a real, substantial relation to the public health, safety, morals or general welfare. Where such relation is established, the rights of individual property owners to an unrestricted use of their property become subordinated to the exercise of such police power. Where, however, it appears that a particular restrictive ordinance bears no substantial relation to the public health, safety, or welfare, such ordinance cannot, under the guise of police power, either confiscate the property of an individual owner or inflict material financial damage thereto. Such legislation violates both the State and Federal constitutions. *Western Theological Seminary* v. *City of Evanston, supra; Forbes* v. *Hubbard,* 348 Ill. 166, 175;

*Tews* v. *Woolhiser,* 352 id. 212, 219; *State Bank and Trust Co.* v. *Village of Wilmette,* 358 id. 311, 317, 319; *Village of Euclid* v. *Amber Realty Co.* 272 U. S. 365.

In considering the question of whether the particular ordinance is, in fact, in the interest of the public welfare, each case must be determined upon its own peculiar facts. A zoning ordinance may be valid in its general aspects, but when applied to a particular piece of property and a particular set of facts, be so arbitrary and unreasonable as to result in confiscation of the property. In such instance, when applied to designated real estate, the ordinance is void. (*Ehrlich* v. *Village of Wilmette,* 361 Ill. 213, 222; *State Bank and Trust Co.* v. *Wilmette, supra; People* v. *City of Rockford, supra.*) The ordinance before us must be tested by these rules. If it has a discernible tendency toward the preservation of the public health, morals, comfort or welfare, the individual rights become subject to the rights of the public. If it fails to meet this test, but instead amounts to a capricious invasion of property rights, it is invalid.

In *Haller Sign Works* v. *Physical Culture Training School,* 249 Ill. 436, we held an ordinance to be void which prohibited the erection of bill boards for advertising purposes within certain distances from parks and boulevards. In the course of the opinion we said: "While the general welfare is recognized as one of the principal considerations which will justify an exercise of the police power of the State, still, it must be borne in mind that the general welfare of the State is promoted by according to each individual the largest degree of personal liberty that is consistent with the best interest of the public."

It will be noted that, under the ordinance before us, the village council has attempted to define what it calls a "Class B Residential" district, but has, in fact, designated something quite different. The capricious nature of this ordinance may be best appreciated by noticing that, under this ordinance, the property of the appellees might be used

for a medical college containing a morgue and dissecting room, or a hospital with all accessory cases, which would include caring for the dead as well as the living; that it might be used for farming, with its necessary domestic animals and their attendant pollutions, or for the operation of tractors and other farm machinery. It might be used for a private club, including bowling-alleys, swimming-pools, tennis-courts, etc. It might be used for a hotel of any height or size, or for a boarding or rooming house. None of these things can be properly called "residential," nor can we see that any of them would be less detrimental to the purposes which the police power is intended to protect than the use to which the appellees wished to devote the property. In other words, the attempted classification is purely capricious and does not bear any relation to the public welfare. It, therefore, fails to meet the tests which have been laid down for such regulations, whether imposed by a legislature or a village council, both being subject to the constitution.

The decree of the circuit court is affirmed.

*Decree affirmed.*