(No. 32975.— )

THE COUNTY OF DU PAGE, Appellant, *vs.* PETER HALKIER *et al.,* Appellees.

*Opinion filed November 18, 1953.*

WILLIAM L. GUILD, State's Attorney, of Wheaton, (ERVIN F. WILSON, of Elmhurst, of counsel,) for appellant.

HOOPER & BUNGE, of Downers Grove, (GORDON C. BUNGE, and CLIFFORD M. CARNEY, of counsel,) for appellees.

Mr. JUSTICE FULTON delivered the opinion of the court:

The County of Du Page, appellant, brought an action in the circuit court of Du Page County against the appellees, seeking an injunction restraining them from erecting a second residence upon a lot owned by them, which was zoned "Estate" by the Du Page County zoning ordinance. Under the terms of said ordinance, areas zoned "Estate" shall have only one single family residence on a tract of not less than 165 feet of average width and 2½ acres in area. The lot in question did not contain the necessary area.

The appellees filed a counterclaim, praying that said zoning ordinance be declared invalid as applied to their property, and asked that the enforcement of the ordinance as applied to their property be enjoined.

The cause was referred to the master in chancery, who took a considerable amount of testimony and found in favor of the defendants-appellees. The chancellor affirmed the master's report and entered a decree finding the Du Page County zoning ordinance null and void as applied to appellees' real estate, and enjoined the county of Du Page from enforcing "Estates" zoning as applied to appellee's property, and ordered a building permit to be issued as applied for by the appellee Peter Halkier.

The case comes to this court on direct appeal from a decree of the circuit court of Du Page County, involving the validity of a zoning ordinance enacted under the authority of the County Zoning Act. The county of Du Page sought to enjoin the defendants-appellees from using their property for a purpose contrary to the ordinance.

The facts are not in controversy but the conclusions of the parties as to the law applicable to the facts are in direct conflict.

The appellee's property is located at the northeast outskirts of the village of Downers Grove, but outside the limits of the village. The property is wooded and is rectangular in shape, having 230 feet of south frontage on

Thirty-fifth Street, and a north and south depth of 986 feet. Thirty-fifth Street ends at the west line of the property, and traffic swings south on Fairview Avenue, a north and south highway. Two houses have previously been constructed on the property, which houses are occupied by the appellees. Neither of these houses is located within 200 feet of the north line of Thirty-fifth Street. The land immediately to the south of Thirty-fifth Street is classified as "Farming" and is used for farming purposes, except for the radio transmitting station and three high towers of Radio Station WCFL. The property immediately to the west of defendant's property is likewise classified as "Farming" and so used. The area south of Thirty-fifth Street and west of Fairview Avenue, while also classified as "Farming," is subdivided into residence lots of 50 to 100 foot frontage and 200 to 300 foot depth. A number of small houses have been built in this subdivision, which is about 50 per cent developed. The appellees' property is located in the extreme southwest corner of an "Estates" district, which includes adjoining property to the east facing on Thirty-fifth Street. The so-called "Benke" property, immediately to the east, a 5-acre tract, is used for farming purposes, the property being divided into pastures where cows, sheep, horses, and pigs are raised and fed for commercial purposes, with accompanying manure piles and unattractive farm buildings and equipment. This use extends the entire length of the tract up to Thirty-fifth Street. The animals come within 20 feet of Halkier's home. Just east of the Benke property is the "Pane" property, which is a 5-acre tract used for raising sheep and chickens commercially, and has an incomplete tar-paper house, located close to Thirty-fifth Street. Adjoining the Pane property is a tract of 6½ acres, which, in addition to containing a two-story house for residence purposes, also contains an old three-story tavern building which has been remodeled and is now occupied for multiple-apartment purposes. It

is admitted that none of the three adjoining properties comply with the standard of the "Estates" district of the zoning ordinance, and are nonconforming uses which have been in existence for a number of years. Still further east are three other tracts, two of which are improved with small residence buildings and do not meet the area requirements of the "Estates" districts of 2½ acres for each house.

On July 20, 1950, the appellees requested a variation in the "Estates" restrictions applicable to their property, to permit the construction of an additional house. Again, on July 12, 1951, they requested a rezoning of their property from "Estates" to "Farming," both of which requests were denied by the county authorities.

On June 20, 1952, Peter Halkier applied for a building permit for the construction of a residence on the south 200 feet of the property. Because of delay in securing a ruling from the zoning department, Halkier began the erection of his building. In September, 1950, after this suit was started, his application was denied for the reason that it did not comply with the area and frontage requirements of the "Estates" district, which required 165 feet of frontage and 2½ acres in area, although the application did meet the requirements of the "Farming" district, which requires 60 feet frontage and ¼ acre in area.

The classification of "Estates" is the highest restriction of the county zoning ordinance and constitutes about two per cent of the area of the county. There was sufficient area and frontage on Thirty-fifth Street for another residence on appellee's property if the property were platted for "Farming."

Cities and counties have the right to adopt zoning ordinances as an exercise of their police power and thereby impose a reasonable restraint upon the use of private property. Such restraint is not an arbitrary or a discretionary one but is always subject to review by the courts. (*John-*

*son* v. *Village of Villa Park,* 370 Ill. 272.) Restrictions must bear a real and substantial relation to the public health, safety, morals, or welfare. *Forbes* v. *Hubbard,* 348 Ill. 166.

A zoning ordinance valid in its general aspects may be void when applied to particular property. The general scheme of a zoning ordinance may be valid, yet, as applied to a particular property within the area zoned, such facts may exist that if the terms of the ordinance are enforced it would amount to an arbitrary and unreasonable restriction, resulting in injury to the owner of the property. *People ex rel. Kirby* v. *City of Rockford,* 363 Ill. 531.

The appellees acquired their property in 1942. It was located outside the limits of any city, village or any incorporated town and was then zoned "Farming."

Two Du Page County real estate brokers familiar with the property testified that the "Estates" classification when applied to the premises of the appellees would substantially decrease the value of the property because none of the surrounding property lives up to the standards of the "Estates" district. The proof shows that none of the improved property surrounding the tract of appellees is complying with the "Estates" requirements.

This court has recognized the power of municipalities to pass and enforce zoning ordinances which impose a reasonable restraint upon the use of private property, but the ordinance must bear a definite relation to the public health, safety, morals or general welfare. (*People* v. *City of Rockford,* 363 Ill. 531.) Such restraint is not an arbitrary or discretionary one but is always subject to review by the courts. *Johnson* v. *Village of Villa Park,* 370 Ill. 272.

The undisputed facts show that the prohibited use of appellees' property for other than "Estates" zoning would prevent its ultimate improvement, and inflict a substantial financial loss to the owners. None of the property surrounding appellees' premises meets the standards of "Estates"

requirements and can only be classified as "Farming" districts. All of the uses in that territory are nonconforming uses and are liable to remain in that condition indefinitely.

The means employed by the county zoning board do not appear to have any real substantial relation to the public health, comfort, safety or welfare, and are arbitrary, unreasonable and void as applied to appellees' property.

The decree of the circuit court of Du Page County is affirmed.

*Decree affirmed.*