**People of the State of Illinois, Plaintiff-Appellee, v. Owen Rodney Hobbs, Defendant-Appellant.**

**Gen. No. 49,354.**

First District, First Division.

February 19, 1965.

Gerald W. Shea, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Paul A. O'Malley, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

Defendant's appeal is confined to the sole contention that the sentence imposed upon him for burglary was "too severe for the nature of the crime." He argues that this is a proper case for the exercise of the power of reduction of sentence given to a reviewing court by the Code of Criminal Procedure of 1963 (Ill Rev Stats 1963, c 38, § 121–9(b)(4)). Defendant seeks a reduction of his sentence "to the amount of time that he has served to date."

On March 11, 1959, after a sanity hearing in which a jury returned a verdict, directed by the trial court, finding the defendant sane, the trial court accepted defendant's plea of guilty to a charge of burglarizing a gas station and the taking of three pairs of pliers, each of the value of $1.50, and two wrenches, each of the value of $1. On March 25, 1959, after receiving a presentence investigation report made by the Adult Probation Department, the trial court granted defendant probation for a period of five years.

On June 25, 1959, a warrant was issued for defendant's arrest for violation of his probation, in that on June 24, 1959, he was convicted of the crime of tampering with a motor vehicle. On June 26, 1959, defendant was sentenced on this conviction to 30 days in the County Jail, "sentence considered served." On July 8, 1959, at the probation revocation hearing, the trial court reviewed defendant's conviction of auto tampering together with the surrounding circumstances of the arrest, and continued the hearing to July 10, 1959.

On July 10, 1959, after the record of the Municipal Court of Chicago was presented to the court, the probation of the defendant was revoked, and he was sentenced to a minimum term of three years and a maximum term of ten years in the Illinois State Penitentiary on his previous plea of guilty to the crime of burglary. On September 9, 1959, the defendant filed a motion for reduction of sentence, which was denied after a hearing.

Defendant contends that his sentence was too severe and should be reduced because of the following: (1) the value of the tools taken was relatively minor; (2) his only prior record was a 1945 conviction of hitchhiking; (3) he had been confined in a mental institution at Dixon, Illinois, from 1941 to 1957; (4) neither the owner of the burglarized gas station nor the State's Attorney made objection to the granting of probation; and (5) his probation was terminated solely because of a Municipal Court conviction of auto tampering, during which proceeding he was not represented by counsel. He further states, "Just two years after being released from the mental institution at Dixon, Illinois, where the defendant spent approximately sixteen years of his life, he was indicted for burglary," and urges that under the facts and circumstances, this is a proper case for the exercise of the statutory powers of this court to reduce a sentence.

The State contends, "the value of the property taken subsequent to the defendant's unlawful entry into the building was immaterial to the consummation of the crime and should not now be considered as a mitigating circumstance of that offense." "The gist of the offense of burglary is the entering of a building with a felonious intent, . . . and the crime is complete whether or not anything is taken, . . . or whether or not items taken in the burglary are recovered." (People v. Clark, 30 Ill2d 216, 219, 220, 195 NE2d 631 (1964).) We agree.

The State further contends that the record demonstrates that "the defendant was in complete possession of his mental facilities [sic] both at the time of his plea of guilty and during the hearing on his application for probation. Therefore, the defendant's previous incarceration in a mental institution is immaterial and should not be considered by the court in any manner as a mitigating circumstance upon his request for reduction of sentence."

The record shows that the trial court was meticulous, before accepting defendant's plea of guilty, in admonishing defendant as to the nature of the charge against him and the consequences thereof, if found guilty. The admonishment met the requirements of Supreme Court Rule 26(3) and Ill Rev Stats 1963, c 38, § 732. The inquiries of the court and the answers of the defendant, at the acceptance of the plea of guilty and at both the granting of probation and the revocation hearing, do not indicate that defendant failed to comprehend the nature of the crime with which he was charged, the punishment thereof fixed by law, or that he did not understandingly plead guilty and accept the terms on which his 5-year period of probation was granted.

The State further contends that the court acted in the interests of justice, that the sentence imposed on defendant was less than recommended by the State and was within the limits of punishment prescribed by statute for the crime of burglary, and the trial court had jurisdiction to enter it. People v. Gulley, 411 Ill 228, 231, 103 NE2d 650 (1952).

The State further argues that notice should be taken that defendant "is still incarcerated under the sentence . . . although he might have secured his release before filing this appeal under the schedule of good-time credits promulgated by the Department of Public Safety . . . . The fact that he has not been

discharged can only be explained in that he has either failed to conform to prison discipline and rehabilitation or has been considered an unsatisfactory subject for parole."

■ After a conviction, the issue for the court is not the guilt of the offender but, within the limits fixed by statute, the appropriate penalty to fit the offender as well as the crime. The trial court owes a duty to the public as much as it does to the accused, in determining a proper sentence, and the problem is to find a proper balance. Not every offense in a like category calls for an identical punishment. There may be a proper variation in sentences as between different offenders, depending on the circumstances of the individual case. For example, the same measurement of punishment is not to be applied indiscriminately to unlawful acts done on provocation and to acts done wantonly and deliberately. The mental deficiency of an accused and any treatment which he may have undergone should be taken into consideration in determining and fixing the sentence. The court, in fixing punishment, should weigh and consider all pertinent matters, including the nature of the offense, the attending circumstances, the character and propensities of the offender, and the chances of his reform. As a general rule, where the punishment for an offense is fixed by statute, that imposed in the sentence must conform thereto, and a sentence which conforms to statutory regulations is proper. 24B CJS §§ 1980, 1982.

■ On appeal, it is only under rare and unusual circumstances that a reviewing court will interfere with the discretion of the trial judge in the imposition of a sentence. The Appellate Court, in reviewing a trial court's discretion in fixing punishment, will make allowance for the trial court's opportunity of observing

witnesses and hearing them testify. The imposition of sentence is peculiarly within the discretion of the trial court, and unless clearly abused, the reviewing court will not interfere therewith. Accordingly, before an Appellate Court will interfere, it must be manifest from the record that the sentence is excessive and not justified by any reasonable view which might be taken of the record. 24A CJS § 1878; Code of Criminal Procedure of 1963 (Ill Rev Stats 1963, c 38, § 121–9 (b)(4).)

■ The enactment of the Illinois statutory provision giving reviewing courts the power to reduce sentences in proper cases only served to give the reviewing courts a means of reducing a manifestly excessive sentence, without the necessity of reversing the conviction. It did not change the standard to be employed by the reviewing court in determining if a sentence was manifestly excessive. In People v. Smith, 14 Ill2d 95, 97, 98, 150 NE2d 815 (1958), our Supreme Court said: "Where it is contended that the punishment imposed in a particular case is excessive though within the limits prescribed by the legislature, this court should not disturb the sentence unless it *clearly appears* that the penalty constitutes a great departure from the fundamental law and its spirit and purpose, or that the penalty is *manifestly in excess* of the proscription of section II of article II of the Illinois Constitution which requires that all penalties shall be proportioned to the nature of the offense. . . . 'In passing sentence upon a guilty criminal the trial judge is invested with judicial discretion within the limits of punishment fixed by law. If that discretion has not been abused and if the prisoner at the bar has not been materially prejudiced by the procedure which the court adopts in conducting the inquiry required by the Criminal Code this Court will not interfere with the judgment pronounced.' " (Emphasis supplied.)

■ When the mental institutions of this state determine that a mentally disturbed person should be returned to society, the "criminal or otherwise anti-social conduct" of that mentally disturbed person becomes the responsibility of the law-enforcing author-ities and the courts. When a crime is committed by such a person, a proper sentence, after conviction by legal procedures, must be measured primarily by the statutory limits prescribed for the crime, and the right of society to be protected from the "criminal or otherwise antisocial conduct" of the offender. The problem of sentencing a person convicted of crime devolves on the sentencing judge, who must decide in what way the interest of the public will be best served and protected, and with all possible emphasis on rehabilitative programs as alternatives to imprison-ment. This great responsibility calls for a sound legal discretion by the trial court, and a court of review, where a reduction of a sentence is sought, absent other contentions of error, should consider the guidelines heretofore set out, and not disturb the sentence "unless it clearly appears that the penalty constitutes a great departure from the fundamental law and its spirit and purpose," and is not justified by any reasonable view which might be taken of the record.

■ We do not believe the instant record indicates that this is a proper case for the exercise of the statu-tory power to "reduce the punishment imposed by the trial court." The facts presented here are not similar to those presented in People v. Campbell, 49 Ill App2d 269, 200 NE2d 72 (1964), where this court did use that power. Defendant has served the minimum term of an indeterminate sentence, and if his behavior at the penitentiary warrants it, the Parole and Pardon Board within the Department of Public Safety has statutory authority to parole defendant at this time.

100

For the reasons given, the sentence of defendant is affirmed.

Affirmed.

BURMAN, P. J. and KLUCZYNSKI, J., concur.