People of the State of Illinois, Plaintiff-Appellee, v.
Jerome Miller, Defendant-Appellant.

Gen. No. 68–8.

Fifth District.

May 26, 1970.

Joseph R. Davidson and William E. Brandt, of Granite City, for appellant.

Don P. Koeneman, State's Attorney of Randolph County, of Chester, and D. McMeekin Conn, Assistant State's Attorney, for appellee.

EBERSPACHER, J.

Defendant entered a guilty plea to the offenses of murder and armed robbery on September 7, 1967, and

was sentenced by the court to 199 to 200 years for the murder and 50 to 75 years for the armed robbery. His conviction was based upon his plea of guilty made after three days of trial and prior to the termination of the State's case in chief. The sentence for armed robbery was made consecutive to the sentence for murder.

The following points are assigned as error: (1) the trial court failed to inform the defendant of the consequences of his plea of guilty and of the maximum penalty which could be imposed upon him as a result of his plea; (2) the plea of guilty was the result of mental coercion and cannot support a conviction; (3) it was error to sentence defendant to either consecutive or concurrent sentences upon two or more offenses which resulted from the same conduct; (4) the trial court failed to hear and receive evidence in mitigation and aggravation for the purpose of determining the sentence to be imposed; (5) the plea of guilty was the result of coercion by the trial court; and (6) the sentences were excessive.

On May 15, 1967, defendant had been first brought into open court; at that time he had no counsel but was furnished a copy of the complaint charging him with murder and armed robbery, he was informed of the nature of the charges and the penalties and that since there was a murder charge he would be held without bail, all of which he stated he understood. At that time inquiry was made as to whether it would be necessary to appoint counsel for him. He was next brought into court on May 22, when there was further inquiry concerning whether a lawyer had been retained and he was advised that there would be time for him to get a lawyer since the matter would have to go to the grand jury; the court made inquiries as to his financial ability to hire counsel, and advised him that he appeared to be indigent "as far as employing counsel." On June 9, defendant was in court with retained counsel. Copies of the indictment had been

furnished and counsel advised that defendant had read it and understood the nature of the charges. At that time the following colloquy occurred:

> By the Court: "And you advised him regarding the penalty of death and imprisonment for fourteen years for the counts of murder?"
>
> Mr. Rice: "I haven't gone into the penalty."
>
> By the Court: "I just wondered if you explained this to him. I believe when you were in first on the criminal complaint I explained the charge of murder to you."
>
> Defendant Miller: "Yes."
>
> By the Court: "And the charge of armed robbery was a felony and punishable by imprisonment in the penitentiary, the minimum is one year."
>
> Defendant Miller: "Yes."
>
> By the Court: "You are represented, Mr. Miller and had an opportunity to discuss this with him?"
>
> Defendant Miller: "Yes, sir."
>
> By the Court: "How do you wish to plead to these charges?"
>
> Defendant Miller: "Not guilty."
>
> By the Court: "To all three counts?"
>
> Defendant Miller: "Yes, sir."

On September 5 the case came on for trial and defendant's counsel in the presence of defendant and the State's Attorney and the court reported in chambers stated as follows:

> "We are about to commence the selection of a jury in the case of the People versus Jerome Miller, 67–CR–124 and there are matters that I do wish to put on the record at this time. I am the retained counsel of this Defendant and I will give him the best defense of which I am capable in the court of

476

this trial, but I do want it on the record at the outset that I have advised Miller and believe that he has no chance of obtaining a not guilty verdict in this case. I have based this upon my investigations of the facts of this case. I have practiced criminal law for sixteen years. I have advised this Defendant that the only chance or issue that he is really facing before this jury is whether or not he will receive the maximum death penalty. I have informed him that in my opinion the best he can come out of this trial is with a guilty verdict and no recommendation of the death penalty. I have advised him that it is my belief and the experience of the courts of Illinois and in conversation with the State's Attorney that this option is available to us now without the necessity of a jury trial. That is, it is my opinion to Jerome Miller that he would not get the death penalty if he entered a plea of guilty. At this point the Defendant Miller has instructed me to proceed to trial. The second matter I want to put on the record is that we have just this morning been served with a list of five additional witnesses by the State's Attorney and we have receipted for the same and we do make an objection at this time that as to the timeliness of this and in view of the late filing of it ask of the Court that should these witnesses be called that we have an opportunity to interview them prior to their testimony to the jury."

Following this, the State's Attorney advised that the added witnesses would be made available to counsel and that the State would consent to such delays as were necessary for investigation and interrogation of additional witnesses. The State's Attorney then inquired as to whether the record showed defendant present throughout the conference, whereupon the court inquired, "Do

477

you have anything you want to say Mr. Miller?" to which defendant responded "No sir, I don't."

A jury was then selected and on the following day, September 6, opening statements were made and the State proceeded to call its witnesses. On the morning of September 7, at the conclusion of the testimony of a State's witness, the court at 11:30 a. m. announced a 10-minute recess. Upon court being reconvened, the record discloses the following:

> Mr. Rice: "Your Honor, at this time the Defendant would interrupt this trial and ask leave of Court to change his plea previously entered of not guilty and enter a plea of guilty as charged in the Indictment."
>
> By the Court: "Is this your plea, Mr. Miller?"
>
> Defendant Miller: "Yes, sir."
>
> By the Court: "You wish to change your plea of not guilty to guilty?"
>
> Defendant Miller: "Yes, sir."
>
> By the Court: "Is this your plea to both charges?"
>
> Defendant Miller: "Yes, sir."
>
> By the Court: "Do you wish to proceed at this time?"
>
> Mr. Starnes: "Mr. Rice indicated that he wishes a presentence investigation, your Honor. Any date that is convenient to the Court, ten or fourteen days hence perhaps we can schedule for final disposition."
>
> By the Court: "How about scheduling the sentencing for September 21, that would be two weeks from today. Would that be all right? Can you make that, Mr. Rice?"
>
> Mr. Rice: "It appears so."
>
> Mr. Starnes: "What hour?"
>
> By the Court: "Let's make it ten o'clock. Let the record show then that I will accept the Defendant's pleas of guilty at this time and we will set

478

the date for sentencing on September 21, 1967 at 10:00 a. m. Anything else at this time?"

Mr. Rice: "No, sir."

Mr. Starnes: "No, sir."

By the Court: "You are remanded to the custody of the Sheriff at this time, Mr. Miller. Would the Sheriff please take custody of Mr. Miller."

The court next convened on September 25, at which time the court advised that the parties were there "for a presentence, hearing in mitigation and aggravation," and that defendant had pled guilty to the two charges, and inquired if there were other matters to be brought to the court's attention to which defense counsel responded, "We will waive hearing in mitigation at this time." No evidence of either mitigation or aggravation was offered, and defense counsel called to the court's attention that it was apparent that an element of drinking had been involved, which had not been urged as a defense, and that there was evidence of pretrial statements that defendant had not intended the death of the deceased and that these highlights might tend to be of some mitigation. Defense counsel also called attention to the time defendant had been in jail. The State's Attorney responded that the evidence had shown "a shocking crime of great consequences, dire consequences" and expressed the view that defendant was entitled to neither sympathy nor compassion since he had displayed none.

The court thereupon inquired of defendant, "Mr. Miller do you have anything you wish to say?" Defendant responded, "I only have to say, sir, is that there wasn't anything Mr. Rice said to me or any evidence the State's Attorney presented or anything any of the witnesses said that made me change my mind and my plea. I did that on a personal basis only." To this the court responded, "You did this on your own. In other words what you are telling the Court is you were not influenced

by what they said, is that correct?" The defendant answered, "Yes sir, that's correct." The court then inquired, "Is there anything else?" and defendant answered, "No Sir." The court then proceeded to pronounce the sentences.

At the time of the trial The Criminal Code of 1961, section 115–2 (c 38, § 115–2, Ill Rev Stats 1967) and Supreme Court Rule 401 (c 110A, § 401, Ill Rev Stats 1967) were both in effect. The Code provided by section 115–2(a)(2) that ". . . during trial a plea of guilty may be accepted when . . . (2) The court has informed the defendant of the consequences of his plea and of the maximum penalty provided by law which may be imposed upon acceptance of such plea."

Supreme Court Rule 401(b) provided:

> *"The court shall not permit a plea of guilty* or waiver of indictment or of counsel by any person accused of a crime for which, upon conviction, the punishment may be imprisonment in the penitentiary, *unless the court finds from proceedings had in open court at the time* waiver is sought to be made or *plea of guilty entered,* or both, as the case may be, that the accused understands he has a right to be held to answer for the offense on indictment by a grand jury and has understandingly waived that right and consented to his prosecution by information, *that he understands the nature of the charge against him,* and *the consequences thereof if found guilty,* and understands he has a right to counsel, and understandingly waives that right. *The inquiries of the court, and the answers of the accused to determine whether he* understands his rights to be indicted by a grand jury and to be represented by counsel and *comprehends the nature of the crime with which he is charged and the punishment thereof fixed by law shall be taken and transcribed and filed*

480

*in the case.* The transcript, when filed, becomes a part of the common law record in the case." (Italics ours.)

■ The Illinois Supreme Court in People v. Washington, 5 Ill2d 58, 124 NE2d 890 (1955) stated at page 60 in interpreting the forerunner of Rule 401(b) :

> "Throughout the history of the administration of criminal justice in this jurisdiction, it has been a strict requirement of our law that in each conviction of a crime upon a plea of guilty, the record must show that before the entry of the plea the court fully explained its consequences to the defendant and that the explanation was understandingly received. (Citations omitted.) Though it was formerly held that the exact language of the trial court need not be set forth in the record, so long as the record showed the explanation had been made, (Citations omitted), this procedure has been altered by Rule 27A of this court, (Citation omitted), which, with effect from September 1, 1948 was adopted to implement the requirements of the Criminal Code. By such rule, it is now provided, in part, as follows: 'The inquiries of the court, and the answers of the defendant to determine whether the accused understands his rights to be represented by counsel, and comprehends the nature of the crime with which he is charged, and the punishment thereof fixed by law, shall be recited in, and become a part of the common law record in the case; . . . ."

It is to be noted that Rule 27A, there interpreted, did not require a finding from proceedings had in open court "at the time . . . plea of guilty entered" as those words were first included when Rule 26(3) was adopted (effective January 1, 1956). At page 63 of that opinion the Court continued:

481

"It is contended, first, that since the record shows defendant had consulted with his counsel, he must be presumed to have been fully aware of the sentence he was likely to receive if he withdrew his plea of not guilty and entered one of guilty. As we see it, the fallacy of such an argument is that both the Criminal Code and Rule 27A place the duty of explaining on the court and do not permit indulgence in the presumption that counsel has already performed such function.

⋅　⋅　⋅　⋅　⋅　⋅

"The very purpose of Rule 27A is to provide a form of procedure eliminating any doubt that a plea of guilty was made with full knowledge and understanding and to avoid the method of procedure where a defendant's knowledge and understanding were held to rest solely on implications arising from the common-law record. To this end the rule has carefully spelled out the information which must be conveyed to a defendant to give him full knowledge of the charge against him, and leaves little, if any, room for indulgence in presumptions. While every reasonable intendment is to be given to the remarks of a trial court when complying with the rule, we think the remarks in the present record did not have the effect of conveying to defendant the information contemplated. It would appear, rather, that the essential information was left entirely to the defendant's own knowledge and information, unexplained by the court. Under such circumstances it was error for the court to accept and enter the plea of guilty."

When People v. Mackey, 33 Ill2d 436, 211 NE2d 706 (1965), was tried Rule 26(3) was in effect, it is identical to Rule 401(b). There at p 438 the Supreme Court said:

"The People argue, however, that two weeks prior to the entry of the pleas of guilty to the indictments here involved, the defendant was found guilty of rape by a jury and sentenced to a term of 20 to 60 years in the penitentiary. It is contended that the defendant must therefore be presumed to have been fully aware of the consequences of a plea of guilty to the rape and armed robbery indictments with which we are here concerned. We do not agree. . . . The very purpose of Rule 27a (now Rule 26) is to provide a form of procedure eliminating any doubt that a plea of guilty was made with full knowledge and understanding and to avoid the method of procedure where a defendant's knowledge and understanding were held to rest solely on implications arising from the common-law record. To this end the rule has carefully spelled out the information which must be conveyed to a defendant to give him full knowledge of the charge against him, and leaves little, if any, room for indulgence in presumption."

The People contend that the record fully discloses that defendant was aware of the consequences of his plea of guilty and the maximum penalty he faced; and at the same time concede that Courts have declined to presume that where a defendant has been represented by counsel he is aware of the sentence he might receive on his plea of guilty. They urge that under the principles expressed in People v. Darrah, 33 Ill2d 175, 210 NE2d 478 (1965), the court was under no obligation "to further admonish the defendant of his rights that he had exercised at the time he changed his plea." In that case the defendant was advised of the consequences of his plea by his counsel in the presence of the court, at the time he offered his plea of guilty, and the court inquired if he still persisted in his plea and proceeded to admonish

483

defendant. We do not consider the factual situation in Darrah parallel to this defendant's being advised of the penalties by the court in May, and again on June 9 when he acknowledged that he understood them, a change of plea 3 months later in September, and a record which is barren of admonishment by the court at any time.

The State has also urged that since defendant was advised by the court of the maximum sentence that People v. Kontopoulos, 26 Ill2d 388, 186 NE2d 312, (1962) is applicable, and that the admonishment must be read in a realistic and practical manner. In that case upon the change of plea defendant was immediately advised of the possible penalty advising that he could be punished by imprisonment in the penitentiary but did not advise him of lesser penalties of a fine or imprisonment in county jail as provided by law; and the court inquired "Notwithstanding that knowledge you still desire to plead guilty" and received an affirmative answer before accepting the plea. There was no question of timeliness of the knowledge of the maximum sentence nor of the admonition being given by the court, nor of defendant knowing the maximum penalty persisting in his plea.

As we understand the law, the record must disclose that at the time a defendant changes his plea to that of guilty from that of not guilty, inquiry must be made in open court and answers then and there given which demonstrate that the defendant comprehends the nature of the crime and the punishment. This record does not contain such inquiries and answers given at the time the plea of guilty was accepted, and we are compelled to reverse the conviction based on the plea accepted in this case. The fact that the trial court as well as this Court might believe that defendant comprehended the nature of the crime and possible punishment, is of no consequence in determining whether the court pursuant to Rule 401(b) should permit the plea of guilty.

Our holding makes it unnecessary to consider the other points assigned as error. The Court thanks appointed counsel for their thoroughness and diligence.

We therefore reverse the judgment and remand the cause for further proceedings not inconsistent herewith.

Reversed and remanded.

MORAN and GOLDENHERSH, JJ., concur.