THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WENDELL KEENE, Defendant-Appellant.

(No. 70-123;

Fifth District—September 30, 1971.

Kenneth L. Gillis, of Defender Project, of Chicago, for appellant.

Archie Bob Henderson, State's Attorney, of Harrisburg, for the People.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by defendant from a conviction for voluntary manslaughter entered on his plea of guilty.

The defendant appeared in the circuit court of Saline County for the purpose of a jury trial on a charge of murder. At that time, the State's Attorney moved the court that the murder indictment be dismissed and in substitution thereof filed an information charging the defendant with involuntary manslaughter. The motion was granted by the court and the defendant was read the information filed against him.

The court then proceeded to inquire of the defendant on his plea to this charge. The court explained to the defendant the waiver of the grand jury indictment. The defendant signed a written waiver and proceeded to enter his plea to voluntary manslaughter.

After inquiries about confessions, the presumption of innocence and right to counsel, the court asked the defendant, "Do you believe that you are guilty of the charge that is filed?" The defendant's answer was, "Somewhat guilty, Your Honor. I can't give a dead-pat answer to that". The defendant also stated in reply to the court's inquiry, "I did strike Donna Adams, but as far as a dead-pat guilty, I can't make that statement. I am somewhat guilty, so I will say that I am guilty". And then again "I would like to say that I did have something to do with her death. I enter a plea of guilty". The court also questioned "In view of these things that I have just told you, you still desire to enter your plea of guilty?" The defendant answered, "Yes, Sir". The court next inquired, "Can you tell me when you decided to enter such a plea of guilty"? The defendant replied, "When I conferred with my attorney and he told me

the possibilities of sentence and after listening to you I decided". The record also shows that the defendant read and signed a document which was a Plea of Guilty and a Waiver of Jury Trial. The defendant stated he signed of his own free will.

The defendant now contends that he was denied Due Process of Law under the 14th Amendment of the United States Constitution by the acceptance of the plea of guilty.

■■ The law of this State is that a plea of guilty shall not be permitted unless the court finds from the proceedings had in open court that the accused understood the nature of the charge against him. (Ill. Rev. Stat., ch. 38, pars. 113—4(c) and Rule 401(b) of the Illinois Supreme Court.) The defendant contends that he neither understood the nature of the charge of manslaughter or that if he did there was not sufficient affirmative indication of his intention to plead guilty for the court to accept the plea.

■■■ We agree with the defendant that the law favors a trial on the merits and that all doubt should be resolved in favor of a trial when the ends of justice will be best served by submitting the case to the jury. (*People v. King,* 1 Ill.2d 491, 115 N.E.2d 635; *People v. Throop,* 359 Ill. 354, 194 N.E. 533; *People v. Schraeberg,* 340 Ill. 620, 174 N.E. 148.) We have reviewed the abstract and the record in this case and we feel that the record clearly indicates that the defendant did have an understanding of the nature of the charge against him as required in *People v. Miller,* 123 Ill.App.2d 473, 260 N.E.2d 312; *People v. Rogers,* 26 Ill.2d 599, 188 N.E.2d 22; *People v. Boyd,* 52 Ill.App.2d 270, 202 N.E.2d 95. As stated in *People v. Harden,* 78 Ill.App.2d 431, 222 N.E.2d 693, "* * * the court's authority permits consideration of the total record in determining whether or not there was an understanding of the nature of the charge". Here while there were several instances of something less than an affirmative unequivocal plea of guilty, the taking of plea was concluded with positive statements followed by defendant's explanation of how he reached his decision to plead guilty. We therefore find no violation of defendant's rights and concur in the trial court's finding that the defendant understood the nature of the charge against him; the court properly accepted the plea.

After the court accepted the guilty plea a hearing in aggravation and mitigation was held.

Subsequent to the hearing in aggravation and mitigation, the court sentenced the defendant to be confined for a five to twenty year period in the penitentiary. The defendant asserts that this was excessive and not appropriate in view of the weight of the testimony in mitigation.

In all, 18 witnesses testified on behalf of the defendant at the hearing.

Little would be served by thoroughly detailing what this hearing presented to the court. Briefly stated, the defendant was a man with several prior arrests for assault or battery. He lived with the deceased who was a married although estranged woman. On the night of the crime the defendant and the deceased and another third person had been drinking together when the defendant fell asleep and awoke to find the third party and the deceased in bed together having sexual intercourse. The third party removed himself and the defendant then proceeded to strike the deceased with sufficient force and quantity to cause her death. After the defendant struck the deceased and before she expired, the defendant located the third party and with the third party and another person, the defendant proceeded to get a bottle of whiskey and to sit at the defendant's house and have a drink. Subsequently, the deceased expired.

■■ It is clear that the imposition of the sentence is within the discretion of the trial court. Before we will interfere, it must be manifest from the record that the sentence is not justified and is excessive by any reasonable view of the record. *People v. Hobbs,* 56 Ill.App.2d 93, 205 N.E.2d 503; *People v. Glasgow,* 126 Ill.App.2d 82, 261 N.E.2d 424.

■■ We have reviewed the evidence presented in mitigation, as well as defendant's *pro se* brief and argument. The penalty for voluntary manslaughter as provided by statute is one to 20 years. (Ill. Rev. Stat. 1969, ch. 38, par. 9—2.) Considering the circumstances involved in this homicide, we cannot say that the trial court did not take into consideration the mitigation evidence offered, nor can we say that the sentence is not consistent with the position taken by this Court in *People v. Cooke,* 117 Ill.App.2d 296, 254 N.E.2d 293, in which the homicide occurred under conditions different from those here present, and in which defendant's previous record differed considerably. The sentence does not clearly appear to depart from the constitutional mandate that "all penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship" Art. I, section 11, Illinois Constitution 1970, nor does not depart from the constitutional mandate of article II of section 11 of the Constitution of 1870, that the penalty shall be proportioned to the nature of the offense.

We therefore affirm the judgment.

Judgment affirmed.

MORAN and CREBS, JJ., concur.