The People of the State of Illinois, Plaintiff-Appellee, *v.* William H. Hunter, Defendant-Appellant.

(No. 57139;

First District (4th Division)—September 26, 1973.

Wendell P. Marbly, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, (Kenneth L. Gillis and Nicholas J. Motherway, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Defendant, William H. Hunter was charged with the crime of murder. After a jury trial he was found guilty of the lesser included offense of involuntary manslaughter and was sentenced to serve not less than two nor more than five years in the Illinois State Penitentiary. The sole issue raised by defendant on appeal is whether the trial court erred by imposing an excessive sentence upon defendant which departed from the spirit and requirement of the constitution that sentences be proportionate to the nature of the offense and that they take into account the possibility of rehabilitation. The facts are as follows:

On July 4, 1969, defendant and his girl friend Williene Williams went to visit defendant's cousin, Alex Key, at the home of his mother where they attended an afternoon cook-out. During the course of the afternoon and on into the early evening, they ate and drank heavily. They consumed large quantities of liquor. At approximately eight o'clock that evening, defendant and Miss Williams, along with defendant's cousin and his girl friend, decided to go to defendant's home to spend the night. On the way to defendant's home, the two couples stopped to purchase liquor and then proceeded to defendant's apartment.

Upon arriving at defendant's home, the couples consumed more liquor and after becoming quite intoxicated, Mr. Key's girl friend went to sleep in the guest room of defendant's apartment. The other three people continued to drink. At midnight, defendant's cousin went to sleep in the guest room.

At approximately 3:00 A.M., Mr. Key and his girl friend were awakened by defendant who asked them to look at Miss Williams, who was unconscious in defendant's bedroom. When defendant along with Mr. Key and his girl friend entered the bedroom, they found Miss Williams on the floor and placed wet towels upon her face, but they were unable to revive her. The police were summoned.

George Kramer, a Chicago police officer, was the first officer to arrive at the scene and testified that he examined Miss Williams and determined that she was dead. Homicide officers were summoned and officer Lewandowski testified that defendant stated that he had spanked the deceased with a table top. The officer also noted that defendant's hands were quite swollen.

Dr. Kearns, a pathologist testified that he performed an autopsy upon the deceased and determined that death had been caused by shock which

resulted from numerous bruises about her body and head as well as abrasions and he testified that certain of her injuries were caused by a blunt object.

Defendant testified in his own behalf. He stated that on the night in question, after his guests had gone to bed, he and the deceased proceeded to his bedroom where they got undressed and went to bed. Defendant testified that the deceased made sexual advances toward him, which he rebuffed. When she persisted, defendant stated that a struggle ensued wherein he spanked her and they both fell out of the bed and onto a table next to the bed. Defendant testified that the table was broken and that the top fell off and that the deceased landed on the table and that defendant landed on top of her. They then returned to bed where the deceased became quiet and they both fell asleep. Defendant testified that sometime late that night, the deceased got up from the bed and started across the room when she tripped on the telephone wire that was on the floor and collapsed. He was unable to revive her after placing wet towels upon her forehead and then sought the assistance of his house guests.

At the conclusion of all the evidence, the jury returned a verdict of guilty of involuntary manslaughter. Judgment was entered by the court and after a hearing in aggravation and mitigation, defendant's application for probation was denied and he was sentenced to serve two to five years in the Illinois State Penitentiary. Defendant now prosecutes this appeal.

Defendant's contention on appeal is that the trial court erred in denying defendant's probation and in imposing a sentence which did not take into consideration the rehabilitation of defendant. Defendant maintains that he is entitled to a reduction of his sentence, that he should be admitted to probation because he had no previous criminal background and was gainfully employed at the time of his trial; and that a prison sentence would terminate his career as an engineer at Western Electric Company. Defendant further states in support of his contention that since this incident he has been living a respectable life and that as the events involved in the death of Miss Williams arose out of a holiday celebration in which everyone present had become intoxicated, such occurrence is unlikely to ever occur again. Defendant concludes that this court should exercise its right to review and to alter sentences pursuant to Supreme Court Rule 615 (Ill. Rev. Stat. 1971, ch. 110A, par. 615(b)(4)) and should grant defendant probation.

■■ While this court has the authority to reduce sentences, our Supreme Court has indicated that such authority should be exercised with considerable caution and circumspection. (*People v. Taylor*, 33 Ill.2d 417, 211 N.E.2d 673.) The imposition of a sentence is within the discretion of

the trial court and before an Appellate Court will interfere with such sentence it must be manifest from the record that the sentence is not justified and is excessive. *People v. Keane*, 1 Ill.App.3d 720, 274 N.E.2d 130; *People v. Hobbs*, 56 Ill.App.2d 93, 205 N.E.2d 503.

■■ Generally, sentences will not be disturbed on review as excessive if they are within the limits prescribed by the legislature for the offense and unless the sentence departs from the fundamental law and its spirit and purpose, or unless the sentence is manifestly in excess of constitutional limitations. *People v. Smith*, 14 Ill.2d 95, 150 N.E.2d 815; *People v. Buell*, 120 Ill.App.2d 367, 256 N.E.2d 845.

In denying defendant's motion for probation in the instant case, the trial judge stated:

> "A human life was taken. I believe he should be punished. This very well could be murder."

■■ After careful review of the record in the case at bar viewed in the light of the seriousness of the offense we do not find that the trial court erred when in the exercise of its discretion it denied defendant probation.

Further, defendant's sentence of two to five years is well within the statutory limitations of a sentence of one to ten years for the offense of involuntary manslaughter which was in effect at the time of defendant's sentencing. (Ill. Rev. Stat. 1971, ch. 38, par. 9—3(c)(1).) However, while not specifically raised by defendant, this court takes notice that defendant's sentence is excessive in light of recent legislation. Section 8—2—4 of the Unified Code of Corrections states in pertinent part:

> "If the offense being prosecuted has not reached the sentencing stage or a final adjudication, then for the purposes of sentencing the sentences under this Act apply if they are less than under the prior law upon which the prosecution was commenced."

(Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1008—2—4 (effective January 1, 1973, par. 1008—6—1).) As our Supreme Court has determined that for the purpose of applying this statutory language, a case pending in the appellate court has not been finally adjudicated, (*People v. Harvey*, 53 Ill.2d 585, 294 N.E.2d 269), the sentencing provisions of our new Code of Corrections would apply to defendant.

Under the new Code of Corrections, the offense of involuntary manslaughter for which defendant was convicted is classified as a Class 3 felony. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 9—3). Class 3 felonies are punishable by a maximum term of "* * * any term in excess of one year and not exceeding ten years[,]" (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1(b)(4)), and a minimum term "* * * shall be one year unless the court, having regard to the nature and circumstances of the offense and the history and character of the defendant sets a higher

minimum term, which shall not be greater than one-third of the maximum term set in that case by the court[,]". Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1(c)(4).

■■ In the instant case, the minimum sentence imposed upon defendant exceeds one third of the maximum term actually imposed. As this cause had not been finally adjudicated as of the effective date of the Unified Code of Corrections, defendant is entitled to the benefit of its provisions which would lessen his minimum sentence. As defendant does not question the underlying judgment on appeal, the judgment is therefore affirmed. However, the sentence of the trial court will be vacated and the cause remanded to the Circuit Court of Cook County for sentencing consistent with the Unified Code of Corrections.

Judgment affirmed, sentence vacated and cause remanded with directions.

BURMAN, P. J., and DIERINGER, J., concur.