(No. 6137

JEROME MILLER, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 7, 1978.*

CALLIS, FILCOFF & FILCHOFF, Attorneys for Claimant.

WILLIAM J. SCOTT, Attorney General; DOUGLAS G. OLSON, Assistant Attorney General, for Respondent.

HOLDERMAN, J.

Claimant in this cause filed a claim for time illegally served in an Illinois penal institution, as set forth

in Ill. Rev. Stat., Ch. 37, para. 439.8, sub-para. (c), 1969.

This claim was filed on May 17, 1971. The parties have stipulated as follows:

"1. That the record on appeal to the Fifth Appellate District of Illinois, and shall be admitted into evidence without objection by either party.

2. That the Transcript of Trial of *People of the State of Illinois v. Jerome Miller,* shall be admitted into evidence without objection by either party.

3. That Claimant's Exhibits 1-6 shall be admitted into evidence without objection by either party.

4. That Respondent's Exhibits 1 & 2 be admitted into evidence without objection by either party.

5. That both parties rest their respective cases."

Claimant was imprisoned three and one-half years in the State of Illinos and was released on November 19, 1970. He had been found innocent in a second trial on a charge of murder.

The Claimant was originally convicted before the Circuit Court of Randolph County of murder and armed robbery in September of 1967. The "State's Attorney and Judge's Official Statement of Facts" issued on September 28, 1967, which was authored by the State's Attorney and concurred in by the trial judge, stated:

Defendant (Jerome Miller, Claimant herein) on the night of May 11, 1967, — committed robbery at the Chester Bridge Tool House, and killed Joseph Gagnepain, toll house keeper, by shooting him through the head with a .38 caliber revolver. He received approximately $40.00 in nickels, dimes, and quarters, and $11.00 in one dollar bills, which money and revolver was found in the back of defendant's car which he parked at the toll house while he went to work at St. Louis. On arriving home from work at 2:30 p.m. on May 13, 1967, defendant was apprehended, and on June 6, 1967, was indicted by the Grand Jury. He plead not guilty and the case went to trial on September 5, 1967, but in the middle of the proceeding defendant

changed his plea to guilty, and was sentenced on September 25, 1967, to the Illinois State Penitentiary.

Claimant appealed his conviction and the Appellate Court of Illinois, Fifth District, held that the record did not disclose that at the time the defendant (Claimant herein) changed his plea from not guilty to guilty, whether inquiry was made in open Court and answers given demonstrating that defendant comprehended the nature of the crime and punishment, acceptance of defendant's plea of guilty was erroneous. Reversed and remanded. *People v. Miller, 123 Ill. App. 2d 473, 260 N.E.2d 312 (1970)*.

The Appellate Court stated in its opinion on *260 N.E.2d at 314,* that on September 5, 1967, the case came on for trial and defendant's counsel (Robert H. Rice) in the presence of defendant and the State's Attorney and the court reporter in chambers stated as follows:

"We are about to commence the selection of a jury in the case of the *People v. Jerome Miller,* and there are matters that I do wish to put on the record at this time. I am the retained counsel of this Defendant and I will give him the best defense of which I am capable in the Court of this trial but I do want it on the record at the outset that I have advised Miller and believe that he has no chance of obtaining a not guilty verdict in this case. I have practiced criminal law for sixteen years. I have advised this Defendant that the only chance or issue that he is really facing before this jury is whether or not he will receive the maximum death penalty. . ."

As indicated, the Claimant herein pleaded "guilty" to the charges of murder and robbery halfway through his trial. As stated in the Appellate opinion on *260 N.E.2d at 315* at the mitigation hearing a few weeks after the trial, the Trial Court inquired of the defendant (Claimant herein), "Mr. Miller, do you have anything you wish to say?" Defendant responded, "I only have to say, sir, is that there wasn't anything Mr. Rice said to me or any evidence the State's Attorney presented or anything any of the witnesses said that made me change my mind and plea. I did that on a personal

basis only." To this, the Court responded, "You did this on your own? In other words, what you are telling the Court is you were not influenced by what they said, is that correct?" The defendant answered, "Yes sir, that is correct." The Court then inquired, "Is there anything else?" And the defendant answered, "No, sir." The Court then proceeded to pronounce the sentence.

The Claimant was retried on November 16, 1970, and was found innocent of all charges related to the incident in question by a jury. The State presented numerous witnesses and the defendant testified that he did not kill or rob the victim in this case, although he was in the area of the crime on the night the crime was committed, he did own a .38 revolver, and he did have a box full of change in his trunk which contained money he was saving to buy his wife a vacuum cleaner.

As originally enacted, Section 8(c) of the, "Court of Claims Act," required a Claimant seeking damages for unjust imprisonment to prove his innocence of the crime for which he was imprisoned. The section provided:

"(c) — All Claims against the State for time unjustly served in prisons of this State where the persons imprisoned proved their innocence of the crime for which they were imprisoned. . ."

This provision gave rise to many problems. Often the Court was called upon to retry criminal cases long dormant, after the memories of witnesses had faded, and evidence was no longer available or had changed with the passing of time.

Since the Court could not rationalize any intent by the Legislature to reward perpetrators of crimes who might allege and prove technical errors in their conviction, the Court adopted a rule requiring a Claimant to establish by a preponderance of the evidence that he

448

did not commit the act which constituted the crime for which he was convicted. *Dirkans v. State of Illinois, 25 Ill.Ct.Cl. 343 (1965).*

Subsequently, in order to obviate the problems inherent in the administration of the statute, the legislature amended Section 8(c) to require that one who seeks to recover for time unjustly served in prison must first have received a pardon on grounds of innocence. See Ill. Rev. Stat., Ch. 37, Sec. 439.9(c).

However, at the time Claimant instituted this action, this amendment was not in effect, and Claimant therefore bears the burden of establishing by a preponderance of the evidence, his innocence of the "fact" of the crime for which he was imprisoned. *Valentine Harpstreith v. State of Illinois, Ill.Ct.Cl.*

The law in Illinois is clear that Claimant must prove his innocence in order to entitle him to an award by the Court of Claims. The burden is upon Claimant to prove by a preponderance of the evidence (1) that the time served in prison was unjust; (2) that the act for which he was wrongfully imprisoned was not committed by him; and (3) the amount of damages to which he is entitled. *Dirkans v. State of Illinois, supra.*

It is the opinion of this Court that the record in this case stops far short of proving that the Claimant was innocent of the crime of which he was charged.

The alleged statement Claimant made to arresting officers shortly after his arrest implicating him in the crime and the other evidence set forth in the record, including his remarks in his mitigation hearing before sentencing, were not rebutted in the second trial.

It is the opinion of this Court that Claimant's evidence does not sustain his burden of proving by a pre-

ponderance of the evidence that the act for which he was wrongfully imprisoned was not committed by him.

Claim is hereby denied.